ALBANY,
Oct. 1827.

Ex parte
Coster.

Where an award creates a new duty, instead of that which was in controversy, the party has his remedy on the award, and cannot resort to the original cause of action; for the award is a good bar to that action. *Armstrong* v. *Masten*, 11 J. R. 189.

It is unnecessary, in pleading it, to aver performance of the thing awarded. Ib.

No action lies on the penalty of an arbitration bond, for the non-performance of an award, where the award is not made within the time specified in the condition of the bond; though the parties, by an agreement under their hands and seals, had enlarged the time for making the award, and though the award was made within such enlarged time. *Freeman* v. *Adams*, 9 J. R. 115.

In such case the proper remedy is in the submission implied in the agreement to enlarge the time. Ib.

A set-off is allowable against an award in an action on the arbitration bond. *Burgess* v. *Tucker*, 5 J. R. 105.

So an award for the payment of money may be set-off. Ib.

Although a set-off may be allowed in an action on an arbitration bond extending beyond the sum awarded, the penalty of the bond remains as security for all future breaches of the condition. Ib.

Payment of the sum awarded is equivalent to a final discharge from the party to whom paid; and from the payment a discharge will be presumed. *M'Kinstry* v. *Solomons*, 2 J. R. 57. *Purdy* v. *Delavan*, 1 C. R. 304.

The plea of *nil debet* is proper in debt on an award, and is the general issue. This requires the plaintiff to show a valid award; therefore, special pleas of no award are bad on demurrer. A replication that sets out no award determining how much has been paid on the contract mentioned in the submission at the time it was executed, is bad on demurrer. Arbitrators are justified in withholding an award until their fees are paid. When the submission involves conditions or alternatives, the award will be bad unless the arbitrators pass upon the matters so conditionally submitted; and the proceedings of the arbitrators must follow the terms of such submission with more strictness than when the submission is general in its terms. *Ott* v. *Schroeppel*, 3 Barb. 56. N. Y. Dig. p. 144, *et seq.*

---

## *Ex parte* COSTER.

IN a cause of Phœnix against Coster, in the C. P. of New York, judgment was entered at the last December control the C. P. on a question of amending a formal defect which depends upon their rules of practice. *E. g.* Allowing a party to enter rules for interlocutory judgment and assessment of damages *nunc pro tunc.*

The supreme court will not interfere by mandamus to

ALBANY,
Oct. 1827.

Coster
v.
Phœnix.

term of that court, for the plaintiff, on an assessment of damages by the clerk. But there was no rule previously entered for interlocutory judgment, nor any rule for the assessment.

At the last September term, on motion of Phœnix, that court allowed both the omitted rules to be entered *nunc pro tunc*, on P.'s affidavit that the omission was unintentional.

A motion was now made for a mandamus, commanding the C. P. to vacate their order to enter the omitted rules.

*M. Ulshoeffer*, for the motion, cited 1 Caine's Rep. 6, 583; 17 John. 270; 1 R. L. 522.

*E. Cowen*, contra.

[*524]

*Curia.* The question below was upon a mere point of practice, with which we cannot interfere by mandamus. *The C. P. might or might not require these rules to be entered. They were but matter of form, at most, and being omitted, it was in the discretion of the court to allow of the amendment.

Motion denied.