Christian, J.
On the 5th day of December 1872, the following order was entered by this court in the case of Kent, Paine Co. v. Bailey:
“This day came the parties by their counsel, and the record in this cause which was pending in the District Court of Appeals held at Lynchburg, when the present constitution took effect, and which were *818 transferred by law to this court, having been received J by the clerk of this court, and this court being satisthat it has no jurisdiction of this cause, it is ordered that it be transferred to and docketed in the Circuit court of Charlotte county, from whence the . . , , , appeal was originally taken; there to be heard and fully disposed of as by an appellate court, according to law.”
This order was made by this court in conformity to the provisions of the fifth section of chapter 171, Sess. Acts 1869-’70, which is in the following words: “§ 5. All eases which were pending in the District courts, when the present constitution took effect, of which the Supreme Court of Appeals may not have jurisdiction, shall be transferred to and docketed in the Circuit courts of the counties or corporations whence the appeals were originally taken;'there to be heard and finally disposed of as by an appellate court. When the judge of the court to which any such case is referred, is the same person before whom the case was originally tried, then the judge, either in term-time or vacation, may remove such case to any other Circuit court, there to be heard and finally disposed of, as by an appellate court.”
By this order, made in conformity to this provision of the statute, the cause was transferred to the Circuit court of Charlotte. That court, on the 13th of October 1874, dismissed the appeal, upon the ground, as set forth in the order of dismission, that the several District courts had ceased to exist when the appeal was allowed by one of the judges of the District court of Lynchburg; the Circuit court of Charlotte being of opinion that the “ present constitution took effect” on the 6th July 1869; and consequently that the said District court was no longer in existence; and *819 that therefore this cause was not “pending in said ° court when the present constitution took effect.”
After this dismission of their appeal, the applied to this court for a mandamus to compel the judge of the Circuit court of Charlotte to proceed to ^ ° r hear and finally dispose of their case, in pursuance of the order of this court and of the said fifth section of ch. 171 of Bess. Acts 1869-70.
A mandamus nisi was awarded by this court; to which the Hon. A. D. Dickinson returned his answer on the 28d January last.
The learned judge, in the very respectful answer he returned to the rule of this court, summoning him to show cause why the commonwealth’s writ of mandamus should not be awarded, submits as the only reason why such writ should not issue, that he was of opinion “that by the constitution of Virginia, adopted by the people on the 6th July 1869, the several District Courts of Appeals had ceased to exist, and that the Hon. S. S. Weisiger was no longer judge of such District court, and had no authority of law for granting the appeal to the decree of the Circuit court of Charlotte on the 24th January 1870, rendered by Hon. P. A. Bolling, the judge of said court when said appeal was granted; and that the appeal allowed was improvidently awarded.”
The question we now have to determine is, Is this a sufficient answer to the rule ?
It is conceded that the Circuit court of Charlotte did not hear and finally dispose of the cause on its merits; but simply dismissed the appeal, because, in its opinion, the District court had ceased to exist, and that the judge awarding the appeal had no authority to allow it. This was, in effect, to decide that the cause was not “pending in the District court at Lynch- *820 burg when the present constitution took effect;” and 0 it is plain the appeal was dismissed upon that ground But that precise question had been determined hy this court. In its order entered in this very cause, this court had declared that this cause was pending in a ^ the District court at Lynchburg when the present constitution took effect. That order was before the Circuit judge, and in plain terms had adjudicated that very question. IsTo matter what may be the opinion of the circuit judge as to when the constitution took effect, he had no right to declare the ease not pending in the District court, when this court had declared it was so pending.
The very question which the circuit judge undertook to decide had already been passed upon by this court, and of necessity must have been decided. If the District courts had ceased to exist when the appeal was allowed, then the cause was not pending in the District court when the present constitution took effect. And when this court declared by its order that it was so pending, it decided, in effect and in terms, that the District courts had not ceased to exist on the 24th January 1870.
The case was either pending in the District court when the present constitution took effect, or it was not pending there. It was for this court, and not the Circuit court, to decide that question. This court did of necessity decide that question when it sent the case to the Circuit court. It was no longer an open question, and the Circuit court could only dismiss the appeal by reversing the decision of this court.
In Cowan v. Doddridge, 22 Gratt. 458, and Cowan v. Fulton, 23 Gratt. 579, where the circuit judge dismissed the appeal because in his opinion the law transferring such cases to the Circuit courts to be heard and finally *821 disposed of as by an appellate court was unconstitutional and void, this court, without dissent, held that this question was not one to be determined by the Circuit court, but had already been passed upon by this court; and that when, in pursuance of the act of assembly above referred to, this court sent a cause which had been pending in a District Court of Appeals to a Circuit court, that of itself was a decision of this court that the act was constitutional, and that the circuit judge had no right to dismiss the case, but must proceed to hear and finally dispose of the case; and he was compelled to do so by a peremptory mandamus issued by this court.
The case before us is still stronger, blot only may it be said that the fact that the cause was sent to the Circuit court was a decision of the question that it was a proper ease to be sent, but the order transferring it in terms declared that this case was pending in the District court in Lynchburg when the present constitution took effect.
When therefore the circuit judge undertook to declare that the cause was not pending in the District court at Lynchburg, and therefore dismissed the appeal, he reversed the decree of this court made in the same cause and entered of record in the very order which transferred the case to the Circuit court.
But it is insisted in the argument of the able counsel who appeared here for Judge Dickinson, that the dismissal of the appeal was a final judgment in the cause, and that it is not competent to the appellate court by mandamus to compel in effect a rehearing of the cause. I do not deem it necessary to review the numerous cases which the research and learning of the able counsel produced; because they do not, in my. judgment, apply to such a case as the one we are now *822 considermg; and the principles of those cases when properly applied are sound and admitted law. But both the argument and the authorities may be fully met by the lucid opinion of Judge Bouldin in the ease Cowan v. Fulton, Judge, supra. Not only the principles there declared and the authorities there relied on, but the very language used by him, mutatis mutandis, may be applied to this case.
In answering the same position taken in that case which has been taken here, Judge Bouldin says: “ If the premises were true the conclusion might perhaps be conceded; for it certainly is not regular nor proper to use the writ of mandamus to review and rehear the judgments of a subordinate court. But the fallacy of the argument consists in the assumption that there was a judgment in the cause; whereas the court positively and unequivocally refused to pass upon it at all, either to review, reverse or affirm the judgment, and merely directed the cause to be dismissed and stricken from the docket. It was a simple refusal to hear and decide the case; and this court having held that no appeal lies from such refusal, it is exactly the case to which the high remedial writ of mandamus is most frequently applied in order to prevent a failure of justice.”
I refer to this opinion, and the authorities cited, as conclusive, without repeating them here, to show that this case is peculiarly one to which the writ of mandamus is applicable. It seems to my mind impossible to draw any distinction between the case before us and the case of Cowan v. Fulton, Judge, 23 Gratt. 579. In the latter case Judge Fulton dismissed the appeal, because in his opinion, the law under the provisions of which the case was sent to him, was unconstitutional and void. But it was held, that this court passed on *823 that question, by sending the case to him for trial; that he had no right to decide that question, as it had already been adjudicated by this court; and that his judgment dismissing the appeal was not a final judgment. Consequently a writ of mandamus was awarded by this court to compel him to hear and finally dispose of the case. How how does this case differ from the one before us? Judge Dickinson also refused to.hear and finally dispose of the case sent by this court to him, but dismissed the appeal because, in his opinion, the District courts were not in existence when the appeal was awarded, and that therefore no case was pending in the District court of Lynchburg. But this court had already decided that question, not only (as was settled in two cases by this court) by sending the case to him, but by its order transferring the case in terms declaring that the case was pending in the District Court of Appeals at Lynchburg, when the constitution took effect. It was not- for the circuit judge to say that the case was not pending in the District court when the constitution took effect, when this court had declared it was so pending, no more than it was competent for Judge Fulton to declare an act of the general assembly unconstitutional which this court had declared to be constitutional and valid. In both cases alike the dismissal of the appeal was not a final judgment, but was in both cases a refusal to hear and decide the controversy.
It is well settled that applications for a mandamus to a subordinate court are warranted by the principles and usages of law in cases where the subordinate court having jurisdiction of a case refuses to hear and decide the controversy. 15 Wall. U. S. R. 165, Ex parte Newman, and cases there cited. How that is precisely what has occurred in this case.
*824 Original jurisdiction to award writs of mandamus upon the principles of the common law has been con-1 ferred on this court by the constitution and laws of the state, and in accordance therewith I think we must say to the judge of the Circuit court of Charlotte that this f ° cause is properly before him, and that he must go on and hear and finally dispose of the same. For that purpose a peremptory mandamus should issue.
Moncure, P., concurred in the opinion of Christian, J.
Staples, J., said he had been counsel in the case of Cowan v. Doddridge, and therefore did not sit in it; and, if he might not have concurred in that decision, still it decides this case.
Anderson and Bouldin, Js., dissented.
Peremptory mandamus ordered.