*Richmond.*

Town of Danville v. Blackwell, Judge.

January 8th, 1885.

1. Removal of Causes—*Constitution.*—Act of March 7th, 1884, Acts
   1883-'84, page 424, directing that on motion, on twenty days' notice
   by any party, any suit or proceeding pending in a corporation court
   shall be removed, as of right, to the circuit court of said corporation,
   is not unconstitutional.

2. Idem—*Mistrial—Waiver—Mandamus.*—In such a case there was inef-
   fectual trial. At next term defendant, after notice under said act,
   moved for the removal of the case to the circuit court, and the cor-
   poration court denied the motion.

Held:

        1. Right of removal was not waived.

        2. *Mandamus* is the remedy for refusal to remove.

Application of town of Danville, presented to this court No-
vember 5th, 1884, for a writ of *mandamus* to require the judge
of the corporation court of said town to remove a suit therein
pending against said town to the circuit court of said corpora-
tion for trial, notice for such removal having been made by
said town under an act of the General Assembly, approved
March 7th, 1884, and entitled "an act to amend section 1,
chapter 170, Code 1873, in relation to the removal of causes
from the corporation to the circuit courts," Acts 1883-'84, page
424, which motion had been overruled and the removal of the
suit refused by said judge. The motion was made after there

had been an ineffectual trial by a jury, which, being unable to agree on a verdict, had been discharged.

Opinion states the facts fully.

*Peatross & Harris*, for the petitioner.

*Berkeley & Harrison*, for the respondent.

FAUNTLEROY, J., delivered the opinion of the court.

The town of Danville, a municipal corporation chartered by the General Assembly of Virginia, filed its petition in this court, representing that in April, 1884, one Green Banister sued the said petitioner in the corporation court of Danville, in an action of trespass on the case, seeking therein to recover damages to the amount of $1,000; that on July 28th, 1884, the petitioner, under the act of assembly of March 7th, 1884, in such cases made and provided, gave notice to the plaintiff below of a motion, to be made on the first day of the next September term of the said corporation court, to remove the said cause from the said corporation court to the circuit court of Danville; that after due legal notice to the plaintiff below the petitioner made its said motion on the day designated therefor, and the same was docketed, and continued from time to time, upon arguments of counsel; and the said corporation court, after taking time to consider thereof, did, upon Tuesday, the 9th day of September, 1884, make and enter an order overruling the said motion, and refusing to remove the said cause from the said corporation court to the said circuit court. Whereupon the petitioner prayed for a writ of *mandamus* to be awarded by this court to compel and require the Hon. John D. Blackwell, judge of the said corporation court of Danville, as said judge, to perform the duty made incumbent on him by the statute in this regard, and to remove the said cause from the said corporation court to the said circuit court.

Upon consideration of said petition, a rule *nisi* was ordered by this court, dated at Staunton, on September 26th, 1884, requiring the said John D. Blackwell, judge of the corporation court of Danville, to show cause, on November 5th, 1884, before this court, why such peremptory writ of *mandamus* should not be issued, as prayed for in the said petition of the town of Danville.

In response to this aforesaid rule, the said John D. Blackwell demurred to the petition as being wholly insufficient in law, and made return thereto as follows—to-wit: "That Green Banister brought his action of trespass on the case to April rules, 1884, against the town of Danville, and the said action came up for trial at the July term, 1884, of his said court, when said town appeared, pleaded, and went to trial; but the jury failed to agree, and the cause was continued to the next quarterly term of the court, which was the October term, 1884, in due course. That the said petition and order recite, so far as they go, the subsequent motion and proceedings thereon for a removal of the case into the circuit court of the town of Danville, under the Act 1883–'84, chapter 320, page 424; but fails to show that the opposition to the motion by the plaintiff, Green Banister, was based upon these grounds—viz: First, The waiver of the defendant town of any right to avail itself of the benefit of the statute, by its appearance at the July term, 1884, and submission to trial; and second, the unconstitutionality of the statute as against public policy, and against the spirit if not in violation of the letter of the constitution; and it appearing that the sole reason for the motion of the defendant town was to hinder, delay, and obstruct the plaintiff in the pursuit of his lawful remedy, guaranteed to him by the express provision of the constitution; and no cause of removal of any kind being shown or pretended by the defendant town or its counsel, except its bare right under said statute, upon argument, the court denied defendant's motion, and refused to remove said cause into the circuit court."

The facts set out in the petition and admitted by the demurrer, as well as in the answer or return of respondent to the rule, show that all the circumstances required by the act of March 7th, 1884 (Acts 1883–'84, page 424), exist to bring the petitioner, the defendant town of Danville in the court below, within the terms and intendment of the law, whose express language is: "Section 1. Any motion, suit, or other proceeding, pending in a corporation court, shall be removed, as of right, to the circuit court having jurisdiction of such corporation, on the motion of any party; but twenty days' notice of the motion for removal shall be given to the other party or parties, or his or their solicitors or attorneys. And on motion of any party to a suit, motion, or other proceeding, in a county or corporation court, who desires to remove the same to any other county, circuit, or corporation court than that having jurisdiction over said county or corporation, the court may, after twenty days' notice to the adverse party or his attorney, order such removal." The motion for removal of the cause in this case was made under the first clause of the above-recited section of the act of assembly. It is express, explicit, unambiguous, mandatory, and imperative—imposing upon the judge of a corporation court the mere ministerial, perfunctory duty to remove the cause, upon the mere motion, as of absolute right, without cause, of any party to the proceeding pending in the corporation court, upon the one single and sole condition of twenty days' notice of the motion to the other party or parties, or his or their solicitors or attorneys.

The right of the town, defendant, to have the cause removed was absolute under the statute when the applicant or mover was within the terms or conditions imposed by the statute; and the duty of the corporation court, when so applied to, to remove is equally absolute. It is not optional or discretionary with the court, in such case, whether it will remove the cause or not. Such absolute rights and duties of removal arise and are provided for in certain cases of removal from State to Federal

courts; in cases of removal from justices to county and corporation courts (Code 1873, chapter 147, section 1); in cases of appeals provided for by Code 1873, chapter 178, section 1, and in Criminal Code, chapter 25, section 2, and others.

To compel the corporation court of Danville to perform this absolute duty, and to obtain for itself the benefit of this absolute right, the town of Danville has no open and adequate remedy but by *mandamus.* Appeal from the refusal of the court to order the removal would not lie at that stage of the cause; and appeal from the final determination of the cause in the corporation court, if it remain and be tried there, might be, in the language of this court in *Brown* v. *Crippen & Wise*, 4 H. & M. 173, "too late;" and even then such an appeal would not bring up or secure the review of the order the effects of which the *mandamus* is invoked as a remedy for. In *Brown* v. *Crippen & Wise, supra,* Judge Tucker, speaking for the court, said: "The removal of the cause in such a case is a matter of right which ought not to be refused to any defendant who makes out his case and complies with the terms of the law." "Being of opinion that the county court refused to perform a duty which was enjoined by law, a *mandamus at that stage of the cause* was the only remedy. The defendant could neither appeal nor obtain a writ of error or of *supersedeas* until the final decision of the suit, when it might be too late."

In the case of *Cowan* v. *Fulton, Judge,* 23 Gratt. 579, the circuit judge of Pulaski county made his return to a writ of *mandamus nisi,* stating, in substance, that he had stricken the case from his docket without hearing it on the merits, because he was of the opinion that he had no constitutional right to hear or try it—that the law requiring him so to do was unconstitutional. Judge Bouldin, delivering the opinion of the court in this case said: "We see no constitutional objection to the legislation. But it is insisted that, conceding the law referred to to be constitutional, still the judgment of the circuit court, dismissing the cause for want of jurisdiction and striking it from the

docket, is a final judgment in the cause; and the term at which the supposed judgment was rendered having passed by, it is not competent to the appellate court, *by mandamus*, to compel in effect a rehearing of the cause. If the premises were true, the conclusion might perhaps be conceded; for it is certainly not regular nor proper to use the writ of *mandamus* to review or re-hear the judgment of a subordinate court; but the fallacy of the argument consists in the *assumption that there was a judg-ment in the cause*, whereas the court positively and unequivocally refused to pass on it at all, either to 'review, reverse, or affirm the judgment,' and merely directed 'that the cause be dis-missed and stricken from the docket.' It was a simple refusal to hear and decide the case; and this court having held that no appeal lies from such refusal, it is exactly the case to which the high remedial writ of *mandamus* is most frequently applied in order to prevent a defect or failure of justice."

"It issues at common law from the King's Bench to compel inferior tribunals faithfully to execute their legitimate powers 'whenever the same are denied or delayed.' Tapping on Man-damus, page 154 (marg. 105). In obedience to these principles of the common law it was held, in the case of *The King* v. *The Justices of Kent*, 14 East, R. 395, that *mandamus* would lie to compel the justices to hear and pass on an application of the journeymen millers to rate their wages, under an act which the justices had solemnly determined did not confer on them that power, and for which reason they had declined to hear the case on the merits. The case seems to be, in all respects, analogous to this."

"Original jurisdiction to award writs of *mandamus* upon these principles of the common law has been conferred on this court by the constitution and laws of this State; and, in ac-cordance therewith, we say to the judge of the circuit court of Pulaski that he has the constitutional power to hear and finally dispose of the cause referred to as by an appellate court, and that it is his duty so to do."

In the case of *Page* v. *Clopton, Judge,* 30 Gratt. 415, this case is cited and approved by Judge Burks, who says: "If the conditions of the statute are satisfied, the right of the party is clear, and the duty of the judge is equally clear, and it is imperative. He has no discretion in the matter. The language of the law is, 'he shall sign.'" The language of the act of March 7th, 1884, is: "Any motion, suit, or other proceeding, pending in a corporation court, shall be removed, as of right, to the circuit court," &c. High on Extraordinary Remedies, chapter 1, section 24: "But the most important principle to be observed in the exercise of the jurisdiction by *mandamus,* and one which lies at the very foundation of the entire system of rules and principles regulating the use of this extraordinary remedy, is that which fixes the distinction between duties of a peremptory or mandatory nature, and those which are discretionary in their character. * * * Stated in general terms the principle is that *mandamus* will lie to compel the performance of duties purely ministerial in their nature, and so clear and specific that no element of discretion is left in their performance. * * * But if, upon the other hand, a clear and specific duty is positively required by law of any officer, and the duty is of a ministerial nature, involving no element of discretion and no exercise of official judgment, *mandamus* is the appropriate remedy to compel its performance, in the absence of any other adequate and specific means of relief, and the jurisdiction is liberally exercised in all such cases." And the same writer, in section 230, says: "It has already been shown that, as to all matters of a judicial nature and resting within the limits of judicial discretion, *mandamus* is not an appropriate remedy, and that the courts uniformly refuse to interfere, by this species of relief, either to control or regulate in any manner the discretion of inferior courts as to matters properly presented to them in a judicial capacity. But it not unfrequently happens that duties devolve upon courts or judges, either by operation of law or by positive statute, which partake more of

a ministerial than of a judicial nature, and where the duty is so plain and imperative that no element of discretion can enter into its performance. And while the courts uniformly refuse to interfere with the discretion of inferior tribunals in the performance of their duties, yet, as to acts to be performed by a court or judge in a merely ministerial capacity, *or as to duties which are obligatory upon them by express statute,* and as to which there can be no dispute and no element of discretion, *mandamus* is an appropriate remedy, and will be granted to compel the performance of the act or duty."

In the case of *Kent, Paine & Co.* v. *Dickenson, Judge,* 25 Gratt. 817, Judge Christian, for the court, says; "Original jurisdicdiction to award writs of *mandamus* upon the principles of the common law has been conferred on this court by the constitution and laws of the State; and, in accordance therewith, I think we must say to the judge of the circuit court of Charlotte that this cause is properly before him; and that he must go on and hear and finally dispose of the same. For that purpose a peremptory *mandamus* should issue."

And High, section 272, says: "The denial by a court of an absolute right *conferred by statute* has been held sufficient to warrant relief by *mandamus.*"

These authorities, both of decided cases in this court, and of High on Ex. Legal Remedies, above cited and largely quoted from, are, we think, expressly in point, and rule this case.

As to the argument made by the respondent in his return to the rule *nisi,* that the defendant, by its appearance and submission to trial in the corporation court of Danville, had thereby waived its right of removal by motion and due notice, as of right, under the statute, we do not think it tenable or sound. There had been an ineffectual trial by a jury, who had failed to agree on a verdict, and who had been discharged, and the case was certainly *pending in* the corporation court at the time when the notice was given of the motion to remove the cause, under the statute, to the circuit court of Danville, and when

the said motion was made and overruled in the said corporation court of Danville.

Nor do we comprehend the force or admissability of the argument or assertion of the unconstitutionality of the act of 7th March, 1884, under which the motion was made for removal. It is argued that the constitution vests the corporation courts with exactly the same jurisdiction as the circuit courts, and that the statute in question contravenes this provision of the constitution and curtails the jurisdiction of the corporation court. This is not the effect of the statute, and could not be, unless it deprived the corporation court of the jurisdiction to hear and determine the cause, provided it was permitted, by the parties having the option, to remain in it for trial. The statute, while recognizing the equal and concurrent jurisdiction of the two courts to the fullest extent provided by the constitution, simply allows the parties the right of having their cause tried in the circuit court, if they prefer it.

The election of what court he will sue in is always exercised by the plaintiff in instituting his suit; and yet it will hardly be contended that this election by the plaintiff extended the jurisdiction of the court he sued in, and abridged that of the one he avoided. How, then, does the statute authorizing the right of exercising this election by removal, after the institution of the suit and while it is pending and untried, operate this effect? Other removals are provided for by the same section; and such laws, though long in existence and practice, have never been questioned or regarded as unconstitutionally affecting the jurisdiction of the court from which they permitted removal.

We are of opinion that the judge of the corporation court of Danville erred in refusing to remove the cause which was pending in said court, upon the motion of the defendant, as of right under the statue, to the circuit court of Danville; that he, as respondent to the rule *nisi*, has not made a good and sufficient return to the said rule; and that the said rule *nisi* must be made *peremptory*, requiring him, as said judge of said court,

to remove this cause, upon the motion of the defendant, according to the law, to the circuit court of Danville.   Let a peremptory *mandamus* issue.