State, ex rel. Rudabeck, v. Livsey.

---

THE STATE OF NEBRASKA, EX REL. ADOLPH RUDA-
BECK V. RICHARD LIVSEY.

27   55
60  654

[FILED JUNE 13, 1889.]

A Mandamus will not issue to a justice of the peace to require him to make an order in a case after the cause has been removed to the district court by proceedings in error, the judgment of the justice of the peace had been reversed, and the cause retained for trial, even though the justice of the peace should have made the order while the cause was pending before him.

ORIGINAL application for mandamus.

*J. E. & T. D. Cobbey,* for relator.

*Winter & Kauffman,* for respondent.

REESE, CH. J.

This is an application to this court, in the exercise of its original jurisdiction, for a peremptory writ of mandamus to the respondent, who is a justice of the peace, requiring him to release the wages of relator from garnishment pro-

ceedings in an attachment action instituted before him, in which notice of garnishment was served on the employer of relator. It is alleged in the petition that relator is a married man, and the head of a family; that an action in attachment was instituted before defendant against him, and his wages which had matured within sixty days prior to the commencement of the action had been garnished in the hands of his employer; that he appeared before the justice of the peace and filed proof of the facts of the exemption, but that the justice had refused to release the money.

To this petition defendant has filed his answer, alleging, among other things, that upon the trial had before him he had rendered judgment; that the relator had removed the cause to the district court by proceedings in error, where the judgment had been reversed, and where the cause is now pending; and that he has no further jurisdiction in the matter. To this answer relator filed a general demurrer, on which the cause is submitted.

We think the demurrer is not well taken. The facts stated in the answer must be held to constitute a defense to the petition.

While it is true that the relator's wages were exempt under the showing made, and that it was perhaps the duty of defendant to release them from the operations of the garnishment proceeding, yet it is equally true that if relator has removed the cause from the jurisdiction of the justice, and rendered it out of his power to make any order in it, which is admitted by the demurrer, a writ of mandamus will not issue to compel action. In order to justify the issuance of a peremptory writ of mandamus, it must appear that the law specially enjoins upon the defendant the performance of the act which it is sought to compel. (Section 645, Civil Code.) No order can be lawfully made in the case by defendant while the cause is pending in the district court. An order so made would probably be void. Relator having pro-

duced such a condition, even though it were done pending this proceeding, would oust the justice of the peace of jurisdiction, and no order could be legally made by him in the case. The demurrer is overruled and the writ denied.

WRIT DENIED.

THE other Judges concur.