# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## RICHARDSON & ALS. V. FARRAR, JUDGE.

### February 11th, 1892.

1. CONTESTED ELECTIONS—*Section 160 construed—Mandamus.*—This statute commands that returns of county elections be, upon complaint by fifteen or more voters of undue election and false return, and counter-complaint, if any be filed, subject to the inquiry, determination and judgment of the county court, which shall proceed without a jury and on the testimony to decide the same *upon the merits* according to the constitution and the laws. In such a contest, the quashing and dismissal of a joint complaint of undue election and false return against three at the same election, on the ground of misjoinder of defendants;

HELD:

    Error because the statute does not limit the contest to one, and *mandamus* lies to compel the court to proceed to hear and determine the contest.

2. IDEM—*Dilatory motions.*—Where complaint complies with the statutory requirements, and counter-complaint has been filed; dilatory defences, *held*, to have been waived.

Application to the original jurisdiction of this court, to award a writ of peremptory *mandamus* against Hon. F. R. Farrar, judge, temporarily, by executive appointment of the county court of Prince Edward county, commanding him as judge of the said court, or such judge as may now be the lawful judge of the said court, to set aside and annul a certain order made in the said court August 7th, 1891, whereby it dismissed the complaint of sundry citizens, twenty or more, and duly qualified voters of the county of Prince Edward, Virginia, of a

false return, gross fraud and other specified irregularities and illegalities of the general election for county officers, held in the said county on the 28th day of May, 1891, and requiring the said judge to proceed to hear and determine the contest made by said complaint as to the election of treasurer, sheriff and commissioner of the revenue, at said election of May 28th, 1891, without a jury, on the testimony taken, and upon any other legal testimony that may be adduced by either party, and to " proceed upon the merits " of said election and the returns thereof, and to " decide the same according to the constitution and laws," and to award certificates of election to such persons as shall be decided to have been legally elected treasurer, sheriff and commissioner of the revenue, respectively, for said county at said election.

*R. T. Hubbard* and *W. R. Staples*, for petitioner.

*W. W. Henry* and *J. P. Fitzgerald*, for respondent.

FAUNTLEROY, J., delivered the opinion of the court.

The record shows that George Richardson, A. P. Price, F. W. Holman, F. D. Read, W. P. Bradshaw, A. J. Price, W. T. Hubbard, O. F. East, R. H. Walton, W. E. Hubbard, R. A. Bradshaw, W. H. Hubbard, E. W. Moring, R. S. Harris, Edward Sherbert, T. Carter, W. W. Swan, Samuel A. Moore, G. D. Warrener, Thomas R. N. Cocks, and S. D. Hubbard (citizens and qualified voters of Prince Edward county, Virginia, numbering twenty-one, and comprising members of both the Democratic and Republican parties, and representing the intelligence, integrity, and respectability of the people of said Prince Edward county), aggrieved and outraged by what they believed and charged had been gross fraud and false returns in the conduct of the election of May 28th, 1891, for county and district officers of said county, whereby the will of the

people, as expressed at the polls, had been defeated and defrauded by the returning officers and others conducting said election, filed in the clerk's office of said county court, in conformity with the requirements of the statute in such case made and provided (Code of 1887, sec. 160), within the time, and in all respects in accordance with the terms and conditions prescribed by law, their complaint of the fraudulent conduct and false return of the general election for county officers of said county, held on the 28th day of May, 1891, from three precincts in said county—viz. : " Spring Creek," " Rice's," and " Worsham "—whereby the candidates who received certificates of election—namely, William H. Ewing, for county treasurer ; E. T. Clark, for commissioner of the revenue ; and Thomas H. Dickinson, for sheriff—were fraudulently credited by twenty votes at the first, thirty votes at the second, and seventy votes at the last of the above-named precincts, respectively, more than had been cast for them, respectively ; and that their opponents were defrauded of a like number of votes, at each of the said precincts, respectively, which had been lawfully cast for them ; whereby the result of the said election was reversed, and the candidates aforesaid got certificates of election, when, in fact, they had been defeated, and their opponents, respectively, had been elected, and were entitled to be so certified.

Within the time prescribed by law the said William H. Ewing, E. T. Clark and Thomas H. Dickinson appeared, and, without demurrer, plea in abatement, or other dilatory proceeding, filed their " counter complaint," setting forth the list of voters, alleged to have voted for their opponents, which they would contest. The issue having been joined in the manner prescribed by the statute the petitioners (relators) took their depositions, covering 248 pages of legal cap paper, which were duly returned, under seal, on the 7th day of July, 1891; and the contestees took no evidence whatever. The case, having been docketed at the June term, was continued to the July

term, 1891, of the said county court of Prince Edward county, when the said Ewing, Clark and Dickinson tendered their several motions to quash and dismiss the petition or complaint aforesaid, and the complainants (contestants) moved the court to refuse leave to file the said motions as being insufficient in law and contrary to the statute; which motion the court overruled, and, by its order of July term, 1891, allowed the said several dilatory motions and defences to be docketed; and the court took until the next following term to consider of its judgment thereon. At the August term, 1891, the court sustained the said motions to quash the complaint, and dismissed it from the docket upon the ground of misjoinder of defendants. Whereupon, the complainants asked leave to amend by severing and filing, *nunc pro tunc*, three several petitions against the three said contestees respectively, but in all other respects conforming to the original in tenor and effect; but the court overruled the motion of complainants to amend, as aforesaid, and dismissed the complaint and the contest instituted thereby under section 160, Code of 1887, without a hearing and determination upon the merits, as the statute expressly and imperatively prescribes.

To this action of the said county court the complainants obtained a writ of error from the circuit court of Prince Edward county; and that court affirmed the action of the county court.

The defendant, Judge F. R. Farrar, in his answer to the petition for a writ of *mandamus* filed against him by the petitioners, George Richardson and others, of the county of Prince Edward, in this court, says: "At the July and August terms of said Prince Edward county court this respondent heard and determined a complaint, wherein the persons now here petitioning were complainants, and William H. Ewing (treasurer), T. H. Dickinson (sheriff), E. T. Clark (commissioner of the revenue for said county), * * * were, jointly, defendants. Each of said defendants filed a separate motion, in writing, to

quash and dismiss the said complaint. The said sheriff, treasurer and commissioner of the revenue each founded his motion upon the ground that his claim and right to his said office was separate and distinct from the claim and right of each and every other person to any office held by him; and that he, by law, was entitled to have his said right and claim heard and determined in proceedings separate and apart from those involving the claim and right of any other person to any other office held by him.

" This respondent was of opinion that the questions raised by said motions should be heard and determined before inquiring into the truth of the matters alleged in the complaint. He did so hear and determine said motions, and did judicially decide said motions in favor of the defendants; and, having so decided, dismissed the said complaint.

" This respondent further says, that the right, under the authority given him by the Governor of Virginia, to hold the county court of Prince Edward county has now terminated, and that J. M. Crute is now the judge of said court, duly elected and qualified, and alone authorized to hold said court." And J. M. Crute, judge of Prince Edward county court, appears and answers, and adopts the answer of Farrar, Judge. It manifestly appears from the record of the proceedings in the county court of Prince Edward county, aforesaid, that the said court refused to hear the complaint and the contest filed by the petitioners under the 160th section of the Code of Virginia, 1887, and has refused to proceed to determine said contest on the testimony (which, in behalf of the contestants, petitioners, consists of about three hundred pages of depositions of witnesses and documentary evidence), and has refused and failed to proceed upon the merits of the complaint and to decide the same according to the constitution and the laws, as the mandate of the said statute expressly required it to do.

The refusal of the county court to hear and determine this contest, and dismissing the complaint on motion to quash for

misjoinder of defendants, was not error for which a writ of error would lie; and the misconception of the complainants in obtaining, and the improvidence of the circuit court in awarding the writ, cannot affect the original jurisdiction of this court to direct a peremptory *mandamus* to the county court of Prince Edward county to compel it to reinstate and hear and determine the complaint and the contest, according to its merits, as the law makes it its duty to do. All the requirements of the statute as to the complaint, it is conceded, have been complied with. The statute does not limit the contest to one defendant, nor require it to embrace more than one, and it authorizes and requires no *pleadings*, except the "complaint" and "counter-complaint"; and the motion to quash and dismiss the complaint for misjoinder of defendants was not a legal and proper plea or defence, where demurrer and mere dilatory defences would lie, which our statute provides shall be made by plea in abatement only, and that under oath and before any plea in bar is made. Code, 1887, sections 3259, 3260, 3278; 25 Gratt. 215–216; 1 Daniel Ch. P., 300–330; *Almond* v. *Wilson*, 75 Va. 750–623; *Henley* v. *Perkins*, 6 Gratt. 623; *Vaiden* v. *Stubbiefield*, 28 Gratt. 153.

In this case a general appearance was entered and a joint counter-complaint was filed by the three defendants, thus making up the issue and leading complainants to believe that mere technical and dilatory defences would not be resorted to, and inducing them, at great labor and expense, to go on and prepare their case for hearing and determination upon the merits. Every principle of justice, as well as the established practice and the law, will hold the contestees to have waived their dilatory defences, and to be precluded from afterwards making them. Adams' Equity, 695 and note; 1 Daniel Ch. P., 352 and note; *Vaiden* v. *Stubblefield*, 28 Gratt. 153.

It was manifest error to admit the defence of misjoinder of defendants in this case. The statute is a broad and summary remedy for fraud in public elections without formal pleadings,

and provides a mode of contest, without technicalities, and directing the county court to hear and determine the contest upon the merits and the proofs according to the very truth and right of the matter in controversy; and, even had there been error of misjoinder of defendants, the fullest privilege of amendment should have been allowed. Although a plaintiff cannot demand several matters of different natures, against several defendants, a demurrer will not lie, even though the defendants be unconnected with each other, where there is one common interest centering in the issue in the cause, and that issue being one of fraud. *Almond* v. *Wilson*, 75 Va.; *Hill's Adm'r* v. *Hill*, 79 Va.; 9 Va. L. J. 50.

The facts in this case disclose a charge of fraud, injurious to all the people of the county of Prince Edward, tainting alike and equally affecting the title to office of one and all the defendants named; and, both at common law and in equity, the defence of misjoinder of defendants is not allowed to be made in cases of "*tort*," nor in cases of fraud. (5 Rob. P. (new) 72, 73; 2 Bouvier L. D. 170; 2 Saunder's P. and Evid. Pleas in Abatement; *Henley* v. *Perkins*, 6 Gratt. 623; 1 Danl. Ch. P. 333, 342, 343, 344, 345, and notes; *Almond* v. *Wilson*, 75 Va., and cases cited; *Ellyson, ex-parte*, 20 Gratt. 10; *Nelms, &c.* v. *Vaughn*, 84 Va.) The complainants are not competing and contesting candidates; but, in behalf of the public, are seeking, by the summary method provided by the statute, to investigate and redress a fraud upon the public franchise in the conduct and return of the election of county officers of Prince Edward county; and they have been denied that hearing upon the evidence and decision upon the merits, which the statute makes it mandatory upon the court to give to them and all the people of the county whom they represent, by the admission of a mere technical, dilatory defence and the dismission of their complaint, in violation of the letter and the spirit of the law.

The court declined jurisdiction, and outlawed the complaint, upon a mere preliminary question or point of form;

and, refusing the motion of the complainants for leave to amend by dismissing as *to all but one,* dismissed the complaint without ever hearing it, and ended the contest of a fraudulent election and false return of county officials, without ever going into an investigation, and by a denial and defeat of *public justice.* (5 Queen's Bench, 255, Law Reports, 1869; *Regina* v. *Brown,* 90 English C. L. 760; *Regina* v. *Freeman, of Liccester,* 15 Queen's B. 691, 69 Eng. C. L.; *Castellon* v. *St. Louis,* 28 Mo. 274; *West* v. *Ferguson,* 16 Gratt.; *Mann* v. *Cassidy,* p. 352–355, Brightly's Digest of Election Cases, and pages 337 to 343; Paine on Elections, sec. 841, p. 697, 698; *Ex-parte Yeager,* 11 Gratt.; citing 16 East.; 23 Gratt. 579–584; 2 Gratt. 819; 80 Va. 43–45; 9 Va. L. J. 104; 22 Gratt. 458; 3 H & M., *Dew* v. *S. P. Co.*)

In *Brown* v. *Crippen & Wise,* 4 H. & M. 173, Judge Tucker, speaking for the court, said: "The removal of the cause in such a case is a matter of right which ought not to be refused to any defendant who makes out his case and complies with the terms of the law. Being of opinion that the county court refused to perform a duty which was enjoined by law, a *mandamus,* at that stage of the cause, was the only remedy. The defendant could neither appeal nor obtain a writ of error or of *supersedeas* until the final decision of the suit, when it might be too late." In the case of *Cowan* v. *Fulton, Judge,* 23 Gratt. 579, the circuit judge of Pulaski county made his return to the *rule nisi,* stating that he had stricken the case from his docket, without hearing it on its merits, because he was of the opinion that he had no constitutional right to hear or try it; that the law requiring him to do so was unconstitutional. Judge Bouldin, in delivering the opinion of this court in that case said: "But it is insisted that, conceding the law referred to, to be constitutional, still the judgment of the circuit court dismissing the cause for want of jurisdiction and striking it from the docket is a final judgment in the cause; and the term at which the supposed judgment was rendered having passed

by it is not competent to the appellate court, by *mandamus*, to
compel, in effect, a rehearing of the cause. If the premises
were true the conclusion might, perhaps, be conceded; for it
is certainly not regular nor proper to use the writ of *mandamus*
to review or rehear the judgment of a subordinate court. But
the fallacy of the argument consists in the assumption that
there was a judgment in the cause; whereas the court posi-
tively and unequivocally refused to pass on it at all,  *  *  and
merely directed that the cause be dismissed and stricken from
the docket.  It was a simple refusal to hear and decide the
case; and, this court having held that an appeal lies from such
refusal, it is exactly the case to which the high remedial writ
of *mandamus* is most frequently applied to prevent a defect or
failure of justice."     This case seems to be, in all respects,
analogous to the case at bar.  In the case of *Page* v. *Clopton*,
*Judge*, 30 Gratt., Judge Burks says:  "If the conditions of the
statute are satisfied the right of the party is clear; but the duty
of the judge is equally clear, and it is imperative.  He has no
discretion in the matter."  In the case of *Kent, Paine & Co.* v.
*Dickinson, Judge*, 25 Gratt., Judge Christian, for this court,
says:  "Original jurisdiction to award writs of *mandamus*, upon
the principles of the common law, has been conferred on this
court by the constitution and laws of the state; and, in accord-
ance therewith, I think we must say to the judge of the circuit
court of Charlotte that this cause is properly before him; and
that he must go on *and hear* and finally dispose of the same.
For that purpose a peremptory *mandamus* should issue."
High on Extraordinary Rem., section 272, says:  "The denial
by a court of an absolute right *conferred by statute* has been
held sufficient to warrant relief by *mandamus.*"     See, also,
*Idem*, sections 230, 251, 256, 258; 7 Peters, 634; 8 Peters, 588;
*Town of Danville* v. *Blackwell, Judge*, 80 Va.  In the case of
*Dew* v. *Judges of Sweet Springs District Court*, 3 H. & M., p. 1,
Judge Tucker said:  "Judge Buller informs us that the writ
of *mandamus* is, in England, a prerogative writ, issuing out of

the Court of Kings Bench (as that court has general jurisdiction superintendency over all inferior jurisdictions and persons), and is the proper remedy to enforce obedience to acts of parliament,   *   *   and in such case *is demandable of right.* Bull. N. P. 199.   To enforce obedience to an act of parliament the proper remedy is by writ of *mandamus,* which, in such case, is *demandable of right.*   Here the office claimed is founded on an act of the legislature,   *   *   *   and is, moreover, an office (in the case at bar an *investigation*) of a public nature, and which relates extensively to the administration of justice through a very large portion of the commonwealth.   Blackstone calls it a high prerogative writ of a most extensive remedial nature, and that it may be issued, in some cases, where the injured party hath also another more tedious method of redress.   3 Black. Com. 110."   Judge Roane, in the same case, said : " It is agreed, on all hands, that this writ (which, in England, is considered a prerogative writ) lies to admit or restore to an office which concerns the administration of justice ; and that, in various other cases, it ought to go, on reasons of public policy and convenience."

The statute (sec. 160, Code of Virginia, 1887) is mandatory and peremptory that " the returns of elections of county, corporation and district officers shall be subject to the inquiry, determination and judgment of the court of the county or corporation wherein the election was held, upon the complaint of fifteen or more qualified voters of such county, corporation or district of an undue election or false returns.   The court shall proceed to determine the contest without a jury, on the testimony &c.   In judging of such election or return, the court *shall* proceed *on the merits* thereof, and decide the same according to the constitution and laws."   A statute, *pro bono publico,* ought to be construed so that it may, as far as possible, attain the end proposed.

Upon the inspection of the record which brings up the proceedings in this case in the county court of Prince Edward

county, for the review of this court, we are clearly of opinion, that the said court has refused to hear and determine the contest presented to it by the complaint, of the requisite number of duly qualified voters of the county of Prince Edward, who had, in every prescribed and requisite particular conformed to the statute for the case made and provided, and erroneously and illegally dismissed their complaint, and the judgment of this court is, that its writ of peremptory *mandamus* shall issue and be directed to the incumbent judge of the county court of Prince Edward county, commanding him to re-instate the complaint, and to proceed to hear and determine the cause presented by the complainants, upon the merits and the proofs according to the law as construed by this court.

LACY, J. (dissenting), said :

This is an application by the petitioners, George Richardson and others, to this court for a writ of *mandamus* to compel the judge of the county court of Prince Edward to hear and decide a contested election case, under section 106 of the Code of Virginia. That section provides : " Sec. 160. The returns of elections of county, corporation and district officers shall be subject to the inquiry, determination, and judgment of the court of the county or corporation wherein the election was held, upon the complaint of fifteen or more qualified voters of such county, corporation, or district, of an undue election or false return. If the objection be to the legality of the election, or the eligibility of the person receiving the certificate, the complaint shall so state, and the nature of the objection. If the objection be on the ground of votes improperly received or rejected, the complaint shall set forth a list of such as were improperly received, with the objections to each, and of the votes improperly rejected. Two of the persons making the complaint shall take and subscribe an oath," etc. Provides that a notice shall be served within ten days on the person

whose election is contested, otherwise the complaint shall not be valid; and that the court shall proceed to determine the contest without a jury, on the testimony taken, and upon any legal testimony adduced by either party. In judging of such election and return, the court shall proceed on the merits thereof, and decide the same according to the constitution and the laws. When the contest is decided, a certificate of election shall be granted to the successful party, unless he shall have already received one, etc. The answer of the judge sets forth that, as judge of the county court of Prince Edward county, at the July and August terms of said court for the year 1891, he heard and determined a complaint wherein petitioners were complainants, and W. H. Ewing, treasurer, T. H. Dickinson, sheriff, and E. T. Clark, commissioner of the revenue for said county, and sundry district officers were joint defendants. Each of said defendants appeared and filed a separate motion to quash and dismiss the said complaint, upon the ground stated in writing—the county officers upon the ground of misjoinder of parties having separate and no community of interest, and the district officers upon this and the further ground that the requisite number of petitioning citizens required by the statute did not reside in any one district of said county, nor were they qualified voters therein. That the said respondent, as judge, was of opinion that these questions were properly determinable before going further into specific matters complained of. That he considered these motions judicially, and determined them, as in duty bound, in favor of the defendants, and rendered judgment accordingly. That an appeal was taken by the complainants to the circuit court of said county, and there decided on the 3d day of October, 1891.. That said case was there fully heard and duly determined under section 161 of the Code of Virginia; and files with his answer the petition for writ of error to the circuit court, and the judgment of that court, which affirmed the judgment of the county court. Section 161 of the Code provides for the appeal to the circuit court in such case, and that the judgment of the said

circuit court shall be final in the premises. The said petition for a writ of error and *supersedeas* to the circuit court sets forth that plaintiffs in error were aggrieved by certain rulings and orders and judgments of the county court. That their complaint having been filed, and the counter-complaint filed, and issue having been thus joined in the only way recognized by the statute, they took their depositions, etc. That the defendants appeared and filed motions to quash and to dismiss the complaint, to which the complainants objected. " That at the August term the county court pronounced judgment, and sustained the motions; whereupon they prayed leave to amend by severing and filing *nunc pro tunc* their several petitions, and this motion was denied them; and assigned errors: First. That the motion to quash was not proper. The defense should have been by demurrer, as is the Virginia practice. Second. That the motion to quash was not made at the proper time. Third. It was error to sustain a motion to quash at any stage of the proceedings in this case for misjoinder. Fourth. That for misjoinder the court could act *sua sponte*, which had been held in certain cases in the Supreme Court of Appeals of Virginia, and that, even if misjoinder appeared, amendment should have been allowed." And finally : " That complainants say the rulings, orders, and judgments of the said county court complained of are wholly erroneous, contrary to the statute, contrary to the established rules of judicial procedure in this state, contrary to the text-writers on English rules of procedure, contrary to the decisions of our Supreme Court of Appeals, on this very statute, and tending in their effect to wholly defeat the intent of the statute, and to prevent citizens from undertaking contests in which they will be burdened with so many delays and difficulties." The circuit court held that there was no error in the judgment appealed from, and affirmed the same.

The complainants were now at the end of their case, as no appeal or writ of error in such case is allowed from the judgment of the circuit court, which is made final by the statute.

Section 161, Code Va. Having no right of appeal to this court, the said petitioners bring the case here by *mandamus.* This they cannot do, upon well-settled principles. Speaking of the remedy by *mandamus,* this court said in the case of *Page* v. *Clopton, Judge,* 30 Gratt. 418: " In relation to courts and judicial officers, it [the writ of *mandamus*] cannot be made to perform the functions of a writ of error or appeal or other legal proceeding to review or correct errors, or to anticipate and forestall judicial action. It may be appropriately used, and is often used to compel courts to act where they refuse to act and ought to act, but not to direct and control the judicial discretion to be exercised in the performance of the act to be done; to compel courts to hear and decide when they have the jurisdiction, but not to predetermine the decision to be made ; to require them to proceed to judgment; but not to fix and prescribe the judgment to be rendered;" citing numerous decisions. *Com.* v. *Justices of Fairfax County Court,* 2 Va. Cas. 9; *Dawson* v. *Thurston,* 2 Hen. & M. 132; *King William Justices* v. *Munday,* 2 Leigh, 165; *U. S.* v. *Lawrence,* 3 Dall. 42; *Ex-parte Crane,* 5 Pet. 190; *Ex-parte Roberts,* 6 Pet. 216; *Ex-parte Bradstreet,* 7 Pet. 634; *Ex-parte William Haney,* 14 How. 24; *Insurance Co.* v. *Wilson,* 8 Pet. 291; *Insurance Co.* v. *Adams,* 9 Pet. 571; *Ex-parte Hoyt,* 13 Pet. 279; *Ex-parte Cutting,* 94 U. S. 14; *Ex-parte Coster,* 7 Cow. 523; *People* v. *Judges,* 1 Wend. 73.

In addition to the foregoing cases in the Supreme Court of the United States, I have examined every reported case decided in that court on the subject of *mandamus,* and there is no case in conflict with these rulings. In the case of *Ex-parte Bradstreet supra,* a case in which the writ was awarded upon other grounds, the court said, the opinion being delivered by Chief Justice Marshall: " This court is of opinion that it ought not to exercise any control over the proceedings of the district court in allowing or refusing to allow amendments to the pleadings." And the writ issued to compel the judge of the

lower court to allow proof of the amount involved, so as to determine, according to law, whether, without regard to the merits, the parties had a right to appeal, the amount being alleged to be over $2,000, the jurisdictional sum in that court. An interesting case in that court, reported in 14 Wall. 152, decided in 1872, in the style of "*Max Newman and others*," is very full upon the subject, Mr. Justice Clifford delivering the opinion of the court. He said, among other things : " Applications for a *mandamus* to a subordinate court are warranted by the principles and usages of law, in cases where the subordinate court, having jurisdiction of the case, refuses to hear and decide the controversy, or where such a court, having heard the cause, refuses to render judgment or enter a decree in the case ; but the principles and usages of law do not warrant the use of the writ to re-examine a judgment or decree of a subordinate court in any case, nor will the writ be issued to direct what judgment or decree such a court shall render in any pending case, nor will the writ be issued in any case if the party aggrieved may have a remedy by writ of error or appeal, as the only office of the writ, when issued to a subordinate court, is to direct the performance of a ministerial act, or to command the court to act in a case where the court has jurisdiction and refuses to act ; but the supervisory court will never prescribe what the decision of the subordinate court shall be, nor will the supervisory court interfere in any way to control the judgment or discretion of the subordinate court in disposing of the question before the subordinate court ; " citing *Insurance Co.* v. *Wilson*, 8 Pet. 302 ; *Ex-parte Bradstreet, supra*, and other cases. " Motions to quash in such cases," says the learned justice in the same case, " are addressed to the discretion of the court. Confessedly, the petitioners are without remedy by appeal or writ of error, as the sum or value in controversy is less than the amount required to give that right; and it is insisted that they ought, on that account, to have the remedy sought by their petition. *Mandamus* will not lie, it is

true, when the party may have an appeal or writ of error; but it is equally true that it will not lie in many other cases where the party is without remedy by appeal or writ of error. The writ of *mandamus* will not lie in any case to a subordinate court unless it appears that the court of which complaint is made refused to act with respect to a matter within the jurisdiction of the court, and where it is the duty of the court to act in the premises. Superior tribunals may, by *mandamus*, command an inferior court to perform a legal duty when there is no other remedy, and the rule applies to judicial as well as ministerial acts; but it does not apply at all to a judicial act to correct an error, as when the act has been erroneously performed. If the duty is unperformed, and it be judicial in its character, the mandate will be to the judge, directing him to exercise his judicial discretion or judgment, without any direction as to the manner in which it shall be done."

It is observed that the learned justice says that motions to quash are addressed to the sound discretion of the court, which cannot be corrected by *mandamus;* that Chief-Justice Marshall, in *Ex-parte Bradstreet, supra,* said: " This court is of opinion that it ought not to exercise any control over the proceedings of the district court in allowing or refusing to allow amendments to the pleadings." It will be remembered in this case that the motion was to quash, and that the decision of the court turned upon a motion to allow amendments to the pleadings, and the court exercised this discretion vested in it by law, and refused to allow the amendments after sustaining the motion to quash. I am of opinion that, an appeal having been taken, and the circuit court, as an appellate tribunal, decided that the county court did right, that no writ of *mandamus* will lie from this court to compel the county court to reverse its decision, and overrule the motion to quash or to allow the denied amendments.

But it is insisted that we should compel the county court to hear the petition on its merits, because the statute authorizes

it to hear and decide on the merits. But the law says the
courts must do this in accordance with the laws of this state.
The petition in this case, as has been judicially determined by
the court vested with the jurisdiction to so decide and deter-
mine, is not in accordance with the laws of this state, and that
court has quashed it. Before it can hear anything further in
the case, it must reverse itself, and overrule the motion to
quash, or allow new petitions to be filed *nunc pro tunc*, as the
motion is where the law requires them to be filed within ten
days after the election. The supervisory court, established by
law in such case, has refused to compel this upon appeal. It
cannot be done by this court by writ of error. None lies here.
It is equally clear that it ought not to be done by *mandamus*,
which cannot be used to perform the functions of a writ of error.
See *Wise* v. *Bigger, Clerk*, 79 Va. 269; *Nelms* v. *Vaughan*, 84
Va. 697; *Grigg & Cross* v. *Dalsheimer, ante*, p. 508; *Moon's Adm'r*
v. *Wellford*, 84 Va. 34; High, Extr. Rem. sec. 156; *Rex* v.
*Hewes*, 3 Add. & E. 725; *Reg.* v. *Recorder*, 1 Eng. Law & Eq.
291; 14 Amer. & Eng. Enc. Law, pp. 127–130—where this
branch of this subject is ably and exhaustively treated, and
the authorities cited.

Again, *mandamus* cannot issue to the county court in this
case, because the case is not in that court, having been removed
therefrom by appeal, and is now in the circuit court. *State* v.
*Livsey*, (Neb.) 42 N. W. Rep. 762; *State* v. *Lubke*, 15 Mo. App.
152. Section 3487 of the Code of Virginia provides: "If any
judgment, decree, or order of a county court be reversed or
affirmed, the cause shall not be remanded to said court for
further proceedings, but shall be retained in the circuit court,
and there proceeded in, unless. by consent of the parties, or for
good cause shown, the appellate court directs otherwise." In
this case no consent was given and no such order was made for
good cause shown, and the case was retained in the circuit
court. It has been by law, and upon the petition of the
petitioners here, removed out of the county court, and it

would be impossible for that court to try the case again until the order of the circuit court removing it has been reversed, and this the county court cannot do. *Mandamus* should not issue to compel the county court to do an impossibility. In the case of *State* v. *Licsey, J. P., supra,* it was held if the relator has removed the case from the jurisdiction of the justice of the peace, and rendered it out of his power to make any order in it—which is admitted—*mandamus* will not issue to compel action. No order can be lawfully made in the case by the defendant while the case is depending in the district court. An order so made would probably be void. No order could be legally made in the cause. In the case at bar the petitioners have themselves removed the case, as they were authorized by law to do, by appeal, into another and higher court, where the statutes require it shall be retained, whether reversed or affirmed. If otherwise they were right, they are now too late. For the foregoing reasons I dissent from the opinion of the majority of the court.

Hinton, J., concurred in the opinion of Lacy, J.

Mandamus issued.