## Richmond.

MOON'S ADMINISTRATOR v. WELLFORD, JUDGE.

· NOVEMBER 17th, 1887.

Absent, Lewis, P.

1. PRACTICE IN CHANCERY—*Mortgages—Foreclosures—Parties.*—In suit to foreclose mortgage by corporation of all its assets, unsecured creditor, having got judgment since execution of mortgage, has a right by his petition, to become a party defendant.

2. IDEM—*Denial of petition—Remedy—Appeal.*—Allowing or denying leave to become party, is matter of sound legal discretion; but the remedy for denial, is not *mandamus*, but appeal.

3. MANDAMUS—*Return—Objectionable matter.*—Where in petition for *mandamus* against the judge, his fairness is impugned, and the return repels the charge as "irrelevant and impertinent," this court will not, though it does not sanction the objectionable matter either in petition or return, require said return to be purged on the motion of the petitioner.

4. IDEM—*Mandamus—Appeal.*—Though this court will deny the mandamus, yet it will allow the appeal alternatively prayed for in the petition.

Application of George Moon's administrator for a peremptory writ of *mandamus* to the Honorable B. R. Wellford, judge of the circuit court of the city of Richmond, to permit applicant to become a party to a certain suit, or alternatively, for an appeal from the denial of such permission by the said court. Opinion states the case.

*R. T. Hubbard* and *Edgar Allan*, for the petitioner.

*W. W. Gordon, Christian & Christian, Johnston, Williams & Boulware,* and *Guy & Gilliam,* for the respondent.

FAUNTLEROY, J., delivered the opinion of the court.

The administrator of George Moon, deceased, on the 2d day of July, 1886, recovered a judgment in the circuit court of the city of Richmond, for $3,000, with interest from July 2d, 1884, and costs, against the Richmond and Alleghany railroad company, for damages for the killing of his said intestate, Moon, on the said defendant's railroad.

Previously to the recovery of the said judgment, the said Richmond and Alleghany railroad company had made and recorded two mortgage or trust deeds, embracing all or most of the assets of the said company. Suits were instituted in the said circuit court of the city of Richmond, by the trustees in the said mortgage or trust deeds, to compel liquidation and to enforce the execution or foreclosure of the said mortgages, and subject the entire assets of the said railroad company to the payments of its debts, in proper order of liens, &c. Receivers were appointed by the circuit court to take charge of the said defendant company's railroad and all its property, and to operate the road; which was insolvent.

Pending these suits, on the 9th day of December, 1886, the appellant here, Moon's administrator, by his counsel, presented to the said circuit court a petition on behalf of himself and of all other of the unsecured creditors of the said Richmond and Alleghany railroad company who should elect to come in and contribute, &c., praying that the said administrator and said other unsecured creditors of the said company might be admitted and made parties defendant to the said suits, whose object was to sell and administer all of the assets, real and personal of the said corporation; and be thus admitted and enabled to defend their rights, and to procure payment of their debts out of the assets of the said railroad company involved in the said suits, and contended for by the said trustees to the exclusion of the said Moon's estate.

On motion, the said circuit court of the city of Richmond,

refused leave to Moon's administrator to file his said petition, or to allow him or the other unsecured creditors to become parties to the pending suits for foreclosure of the mortgage deeds; directing them for relief to the master commissioner, or to a separate and independent suit of their own.

To this ruling Moon's administrator excepted; and he presented his petition to the judges of this court praying for its writ of peremptory mandamus to the appellee, the Honorable Beverly R. Wellford, judge of the said circuit court of the city of Richmond, commanding him to permit the administrator of Moon, for himself and other unsecured creditors, to be made parties to the said foreclosure suits already pending in the said court against the said Richmond and Alleghany railroad company, with leave to file a cross-bill in the said pending suits; and praying, in the alternative, that, in the event that this court shall consider that the petitioner has mistaken his remedy, by mandamus, the petition be not wholly dismissed, but be held and taken as a petition for appeal from and supersedeas to the order or judgment of the circuit court refusing leave to file the petition tendered, either as a petition or cross-bill.

On this petition there issued from this court a rule *nisi* on the said judge of the said circuit court; to which rule he has made return and answer; to which return and answer Moon's administrator has demurred, as insufficient in law, and objecting strenuously upon the argument of the legal question presented for the consideration of this court by the pleadings to certain parts or expressions of the said return, as *unfit, impertinent,* and *scandalous,* the counsel for Moon's administrator moves this court to require the respondent to the rule to purge his said return, by striking out the alleged objectionable portions of his return.

While this court is not the forum for adjudication of the unpleasant personal matters between the counsel for petitioner and the judge of the circuit court of the city of Richmond,

which have been put at issue by the statements or implications made in the petition, which are met and repelled by the said judge in his return to the rule, and characterized therein as "irrelevant and impertinent allegations, apparently introduced for the mere purpose of impugning this respondent's motives in his judicial actions," and "thrust before this court under his privilege as counsel," &c.; yet, inasmuch as the objection has been made, and a specific motion presented and pressed in argument before this court, by the counsel for petitioner, for an order to be passed by this court requiring the respondent to the rule *nisi* to purge his return by striking out the said portions thereof objected to as personally and professionally offensive to the said counsel, we deem it proper to say that the allegations and tone of the petition for a *mandamus* clothed the simple legal question, which it was the only legitimate office of the petition to present, with implied charges against the fairness and good conduct of the judge whose decision was sought to be reviewed—insinuations which, both as a judge and as a man, he had the right to repel with indignant sensibility; and that the portions of the return objected to, were caused by the charges and implications in° the petition to which they are responsive.

The petition contains much which has and can have no logical or pertinent connection with the question, whether the judge of the circuit court decided rightly or erroneously in refusing leave to file the petition of Moon's administrator to admit him to be made a party to the pending suits, in which he sought then to intervene, and which said matters set forth in the said petition the said judge considered to have been introduced to illustrate and support a charge of partiality and injustice, as displayed in his judicial action towards the counsel or his cause; although it is but just to the distinguished and able counsel for petitioner to remark that he disclaims such a purpose or motive beyond what he deemed to be his clear right and duty to present the whole action of the court below in the

case which he sought to have reviewed; and though, for the reasons assigned, we overrule the motion to require respondent to purge his return to the rule, we do not, in so doing, sanction the harsh and objectionable matter contained in either the petition or the return to the rule.

The main questions, however, for this court to determine are, first, whether the circuit court of Richmond city erred in refusing the prayer of the petitioner, Moon's administrator, for himself and other unsecured creditors of the Richmond and Alleghany railroad company, to be admitted parties defendant to the pending suits against the said company, whose object and effect embraced the sale and administration of all the property, privileges and avails of their judgment debtor? Second, if the court did err in so doing, is *mandamus* or appeal the proper mode of redress in the case?

We are of opinion that Moon's administrator had a plain and adequate remedy *by appeal;* and that this is not a case for *mandamus;* because the judge of the circuit court, in his response to the rule, says, that "in refusing the motion of the said petitioner to file his petition of December 9th, 1886, or to file the same as a *cross-bill,* in the causes referred to, he was acting in his judicial capacity; and that his several decisions and rulings complained of were made by him *after mature consideration of the petition* and the whole record in said causes, and according to his views of the law." It is therefore adjudged that the rule *nisi* be discharged, and the prayer for the writ of *mandamus* be denied, but without costs.

To file a petition, or become a party by it in a pending suit is not a matter independent of the " leave of the court;" which leave the court may, in its discretion, grant or refuse. But this discretion must be a "sound discretion," as in other cases; for instance, as in the matter of directing, or refusing, an issue out of chancery. It may err in the exercise of this discretionary power; and its decision is subject to the revisory jurisdiction of this court; and this revision can be had by appeal.

The motion itself, for leave to file or to be made a party, is a proceeding in court, to which the *mover* is a party, if no others; and if his motion be overruled, he may except to and appeal from the ruling in this *ex parte* proceeding, in which he may have vital and imperilled interests.    The *mover* is a party to his motion, and as such may appeal, though he be no party, as yet, to the original suits in which he seeks to intervene, and though there is, as yet, no appeal in those causes.

The petitioner, as administrator of Moon, represents a judgment debt of large amount against the Richmond and Alleghany railroad company; and it is one of the unsecured debts. As such, its payment must be contended for against the original parties to the said suits; and the administrator of Moon must litigate for it, and compel, if he can, the appropriation of such of the assets of the debtor company as by discovery or otherwise, may be found applicable.    It will require earnest litigation by any creditor who is not among the *secured* in the said mortgage deeds of trust.    He will have to watch the administration of the trust affairs vigilantly, and to resist any mismanagement or misapplication of the assets; and the petitioner, as administrator of Moon's estate, has a direct and vital interest in these suits instituted for the very purpose of directing the management and disposition of the assets; and so have the large number of other unsecured creditors in whose behalf, as well as his own, he makes his prayer.    The sole right of exception to a master commissioner's report, which is now the administrator of Moon's only means of defending and litigating the rights of the estate of his intestate, is entirely insufficient.    To deny him admission to the pending suits, and to remand him to a new, distinct and separate suit, would only subject him to dismissal, with costs; or to consolidation with the pending suits—a roundabout and costly substitute for the admission he now asks for.    He, unquestionably, has large interest in the subject matter of the pending suits—interest conflicting with and adverse to the original parties thereto ;

and he is entitled to all legal opportunities and facilities for defending the trust which he represents. The petition tendered by Moon's administrator to the circuit court, and refused by it, states a *prima facie* case, which, if properly sustained, entitles the administrator to relief; and he also asks for a *discovery*, to which he is entitled. And this court now entertaining the petition as a petition for appeal and *supersedeas* to the ruling of the circuit court of the city of Richmond, complained of, is of opinion to allow and award the prayer of the petition, which is accordingly so ordered. Appeal allowed and *supersedeas* awarded. Petitioner being a personal representative, no bond is required.

APPEAL AWARDED.