# Richmond.

BROADDUS AND OTHERS v. ESSEX COUNTY SUPERVISORS.

MARCH 28, 1901.

1. CLERK'S OFFICE—*Fire Proof—Code, Sec. 926 is Mandatory.*—The provision of section 926 of the Code that every clerk's office shall be fire-proof is mandatory, and if the duty thereby imposed is not observed, it may be enforced by *mandamus.*

2. CLERK'S OFFICE—*Fire-Proof Building—Discretion—Mandamus.*—What constitutes a fire-proof building involves some element of discretion, and when a board of supervisors have in good faith exercised their discretion, and erected what they intend to be, and believe is, a fire-proof clerk's office, they cannot be compelled to erect another to meet the views of others as to what is fire proof. *Mandamus* will not lie to control the discretion of the board of supervisors in this respect, nor, in any case, to control the discretion of a functionary.

Error to a judgment of the Circuit Court of Essex county, rendered October 9, 1900, on an application for a writ of *mandamus,* wherein the plaintiffs in error were the petitioners, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*W. H. Sands* and *Ware & Carter,* for the plaintiffs in error.

*Thomas E. Blakey,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiffs in error filed their petition in the Circuit Court of Essex county against the Board of Supervisors of that county,

praying for a writ of mandamus to compel them to erect a fire-proof clerk's office.

Section 925 of the Code requires the board of supervisors of every county to provide a court-house, clerk's office, and jail, and section 926 provides that "every such clerk's office shall be fire-proof."

The petition for the mandamus avers that the board of supervisors have failed and refused to provide such an office, but "on the contrary have left, and do now leave, the valuable records of the county exposed in an office whose pretentions, if any there be, to being fire-proof, are a delusion and a snare."

The board of supervisors in their answer to the petition state that "the present court-house and clerk's office were built after the law referred to was placed upon the statute books, and that they doubt not that the authorities, who were men of great intelligence and high character, complied with the law; that the building is one of the handsomest and most substantial in its character in Tidewater, Virginia, being built upon the public square, detached from any other building, and is constructed of brick, with a slate roof, the clerk's office having a brick floor, and solid sheet-iron window shutters, and solid iron door, which were put up and erected for the purpose and with the intention, not of a burglar-proof, but a fire-proof clerk's office, the whole structure being in an excellent state of preservation and in good repair; that so far from its pretentions to being fire-proof being a delusion and a farce, it fully appears, from the foregoing, that it is not true."

The trial court, upon the hearing of the cause, "being of opinion from the pleadings and evidence in this case, and from the fact which the answer sets up, that there is already and at present a clerk's office in Essex county which satisfies the needs and demands of the county, and comes up to the requirements of the statute; that is, that it should be fire-proof," refused the mandamus prayed for, and dismissed the petition.

To that judgment this writ of error was allowed.

The provisions of the Code which require the board of supervisors to provide a fire-proof clerk's office are mandatory. If they or their predecessors in office had failed or refused to provide a clerk's office at all, or had provided a clerk's office which was manifestly not intended to be a fire-proof clerk's office, we are of opinion that the duty enjoined by the Code might be enforced by mandamus. But such is not this case. A clerk's office has been provided, which, in the opinion of the board of supervisors, was intended by their predecessors in office who erected it to be, and was, in the judgment of the board, a compliance with the provisions of the Code requiring a fire-proof clerk's office to be erected.

One of the marked characteristics of a proceeding by mandamus is that if the functionary whose conduct is complained of is by law to exercise any discretion, that discretion will not be controlled by a writ of mandamus; for that would be to transfer the discretion which the law commits to the functionary to the court which undertakes to award the writ.

High on Extra. Remedies, section 24, states the rules as follows: "Wherever such officers or bodies are vested with discretionary power as to the performance of any duty required at their hands, or where, in reaching a given result of official action, they are necessarily obliged to use some degree of judgment and discretion, while mandamus will lie to set them in motion and to compel action upon the matters in controversy, it will in no manner interfere with the exercise of such discretion, nor control or dictate the judgment or decision which shall be reached. But if, upon the other hand, a clear and specific duty is positively required by law of any officer, and the duty is of a ministerial nature, involving no element of discretion, and no exercise of official judgment, mandamus is the appropriate remedy.' * * *" *Thurston* v. *Hudgins*, 93 Va. 780; 4 Minor's Inst. (4th ed.), 398, 401; 2 Spelling on Extra. Rel., sec. 1384.

Opinion.

It cannot be said that the erection of a fire-proof clerk's office is an act so clear and specific that no element of discretion is left in its performance. People may and do differ as to what constitutes a fire-proof building.

This is shown by the record in this case. It would seem from the petition that the applicants for the writ of mandamus are of the opinion that, in order to have a fire-proof clerk's office, a new building must be erected, and that is the prayer of their petition. One of their witnesses, an architect, testifies that the present building is not, but can be made, fire-proof. The respondents and the learned circuit judge who tried this case are of opinion that the present building is fire-proof, within the meaning of the statute.

If this court was of the opinion that the clerk's office in question was not fire-proof, and awarded the writ commanding the board of supervisors to provide a fire-proof clerk's office, how are they to determine whether they should erect a new building or repair or remodel the old? If the court goes into details and directs them what to do, it usurps the discretion vested in them. If the court does not do this, how are they to know what will satisfy the requirement of the statute in the opinion of the court? The county authorities having exercised their discretion, and provided a clerk's office intended to be fire-proof, the Circuit Court did not err in refusing the writ.

The preservation of the records of the various courts of the Commonwealth is of the highest importance, and the duty of providing fire-proof clerk's offices to prevent their destruction by fire should be faithfully performed. The boards upon whom this duty is imposed are responsible to the people who elected them, and if they do not properly exercise the discretion vested in them, the people have the remedy in their own hands.

The judgment complained of must be affirmed.

*Affirmed.*