## CIRCUIT COURT OF THE CITY OF RICHMOND

Tyrone Dennis Hamlette

 v.

Commonwealth of Virginia

March 4, 1991

Case No. LS-2691-1

## By JUDGE RANDALL G. JOHNSON

Plaintiff, an inmate, has filed a petition for a writ of mandamus directing the Department of Corrections to set a date for his parole. At issue is Virginia Code Section 53.1-151(B1) which provides:

> Any person convicted of three separate felony offenses of (i) murder, (ii) rape, or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivisions (i), (ii), or (iii) when such offenses were not part of a common act, transaction, or scheme shall not be eligible for parole.

Plaintiff, who was convicted in the Circuit Court of the City of Norfolk on August 9, 1984, of two counts of robbery and three counts of use of a firearm during the commission of a felony; in the Circuit Court of the City of Chesapeake on August 10, 1984, of one count of robbery; in the Circuit Court of the City of Virginia Beach on March 11, 1985, of one count of robbery; and in the Circuit Court of the City of Portsmouth on March 12, 1985, of four counts of robbery and four counts of

use of a firearm in the commission of a robbery, argues that since the offenses leading to all of his convictions "took place between January 4, 1984, and February 16, 1984, a period of roughly six weeks . . . [were] limited to the Tidewater area of Virginia . . . [involved] the same general method and characteristics . . . [and] possess a concurrence of common features such that they are caused by a common scheme, of which each act is an individual manifestation . . ." § 53.1-151(B1) should not operate to deprive him of parole. *See* Petition for Writ of Mandamus, at 2. The petition is denied.

The court believes that plaintiff's petition is controlled by the case of *Richmond, Fredericksburg and Potomac Railroad Company v. Fugate*, 206 Va. 159, 142 S.E.2d 546 (1965). In that case, the petitioning Railroad sought mandamus to compel the State Highway Department and the Board of Supervisors of Henrico County to institute eminent domain proceedings to ascertain what compensation was due to the Railroad for the damages which, it alleged, had or may be done to its property by the acts of the respondent. After summarizing the many factual issues which were necessarily involved in such an eminent domain proceeding, the Court stated:

> It is not the proper function of a mandamus proceeding to consider and evaluate such evidence. The primary purpose and function of such a proceeding is to enforce a clearly established right, and to enforce a corresponding imperative duty created or imposed by law. Its principal function is to command and execute, and not to inquire and adjudicate. 206 Va. at 164.[1]

This court is of the opinion that plaintiff's present petition would require the same impermissible consideration and evaluation of evidence contemplated in *Fugate*. In order for mandamus to issue, the court would have to consider evidence pertaining to each of plaintiff's convic-

[1] The Court went on to say that the appropriate vehicle for accomplishing the result which the Railroad wanted was a declaratory judgment action. Id. at 165. This court offers no opinion on whether such vehicle is appropriate here.

tions and determine whether those convictions were, or were not, a part of a common act, transaction, or scheme. Such determinations, as pointed out in *Fugate*, are not appropriate for mandamus. *See also, Richlands Medical Association v. Commonwealth*, 230 Va. 384, 337 S.E.2d 737 (1985).