# CIRCUIT COURT OF THE CITY OF RICHMOND

Dorian L. Smith

v.

Linda Pitman et al.

July 13, 1998

Case No. LE-772-4

BY JUDGE RANDALL G. JOHNSON

At the hearing on July 9, a question arose about what version of Va. Code § 53.1-151.1 was in effect at the time of the offenses leading to plaintiff's robbery convictions. My research indicates that the statute was amended in 1987 to change the "armed robbery" language to "robbery by the presenting of firearms or other deadly weapon." Since amendments to statutes always go into effect on July 1 unless otherwise provided, all of plaintiff's robbery offenses occurred after the statute was changed. Accordingly, she did not have to be convicted of "armed robbery" in order for § 53.1-151.1(B)(1) to apply.

With the above in mind, see *Hamlette v. Commonwealth*, 23 Va. Cir. 192 (1991). I believe that the holding in that case is applicable here. Specifically:

> It is not the proper function of a mandamus proceeding to consider and evaluate ... evidence. The primary purpose and function of such a proceeding is to enforce a clearly established right, and to enforce a corresponding imperative duty created or imposed by law. Its principal function is to command and execute, and not to inquire and adjudicate.

*Quoting Richmond, Fredericksburg and Potomac RR. v. Fugate*, 206 Va. 159, 164, 142 S.E.2d 546 (1965).

Here, as in *Hamlette*, an issue exists as to whether plaintiff's offenses were part of a "common act, transaction, or scheme." Further, there is the additional issue in this case of whether at least three of plaintiff's convictions, if they

were not part of a common act, transaction, or scheme, involved the "presenting of firearms or other deadly weapon." Since these issues necessarily involve inquiry and adjudication, mandamus is not appropriate. Plaintiff's petition will be dismissed.