## CIRCUIT COURT OF HIGHLAND COUNTY

John M. Lohr

 v.

Don Sullenberger, III, et al.

March 28, 2003

Case No. CL 03 000001 00

BY JUDGE DUNCAN M. BYRD, JR.

On March 18, 2003, the Court heard evidence and arguments upon Petitioner John M. Lohr's Petition for Writ of Mandamus against the Board of Supervisors of Highland County. At the conclusion of the hearing, the Court reserved judgment pending a review of the law and the evidence. The Court has now done so. For reasons which follow, the Court concludes that the Writ of Mandamus should be issued.

The relevant uncontested facts are as follows.

John M. Lohr was duly elected Commonwealth's Attorney for the County of Highland on November 2, 1999, to take office for that term on January 1, 2000, and he is presently the Commonwealth's Attorney for the County of Highland, Commonwealth of Virginia.

The Compensation Board of the Commonwealth of Virginia, by documents dated May 1, 2002, sent the petitioner, as Commonwealth's Attorney for Highland County, an approved budget by the Compensation Board of $56,316.00.

On October 21, 2002, petitioner received notice from the Compensation Board of the Commonwealth of Virginia that reimbursement to the County of Highland for the office of Commonwealth's Attorney for the County of Highland would be reduced by seven percent, or in the amount of $4,315.00. This estimation was confirmed by notice from the Compensation Board of the Commonwealth of Virginia on October 24, 2002, that

reimbursement for the office of the Commonwealth's Attorney to the County of Highland from the Commonwealth of Virginia had been reduced by $4,315.00.

Petitioner was further informed prior to December 5, 2002, that the reduction in reimbursement for the office of Commonwealth's Attorney to Highland County, Virginia, had been reduced from seven percent to five percent.

Petitioner received on January 8, 2003, notice that the Board of Supervisors for Highland County was going to fund fifty percent of the reduction of State funds for the fiscal year 2003 for the Commonwealth's Attorney's office for the County of Highland in the amount of $2,157.50. Further, he received notice that the Board of Supervisors had already voted to implement the full reduction to the office of Commonwealth's Attorney for any budget effective July 1, 2003.

Petitioner has not consented to or agreed to any reduction by the Board of Supervisors of Highland County of the budget of the office of Commonwealth's Attorney of Highland County.

The defendant raises three issues for resolution by the Court. On Demurrer, defendant maintains that the mandate of Code of Virginia, 1950, as amended, § 15.2-2507(B) is discretionary and not ministerial. The Court disagrees. In *Richlands Medical Assoc. v. Commonwealth*, 230 Va. 384, 337 S.E.2d 737 (1985), the Court opined:

> Mandamus is an extraordinary remedy employed to compel a public official to perform a purely ministerial duty imposed upon him by law. *Richmond-Greyhound Lines v. Davis*, 200 Va. 147, 152, 104 S.E.2d 813, 816 (1958). A ministerial act is "one which a person performs in a given state of facts and prescribed manner in obedience to the mandate of legal authority without regard to, or the exercise of, his own judgment upon the propriety of the act being done." *Dovel v. Bertram*, 184 Va. 19, 22, 34 S.E.2d 269, 370 (1945).
>
> When a public official is vested with discretion or judgment, his actions are not subject to review by mandamus. *Id.* As we stated in *Thurston v. Hudgins*, 93 Va. 780, 20 S.E. 966 (1895):
>
> "It is well settled that *mandamus* will not lie to compel the performance of any act or duty necessarily calling for the exercise of judgment and discretion on the part of the official charged with its performance. . . .

"[W]here the official duty in question involves the necessity on the part of the officer of making some investigation, and of examining evidence and forming his judgment thereon" *mandamus* will not lie. 93 Va. at 783, 20 S.E. at 967-68 (citations omitted).

The function of a trial court in a mandamus proceeding is to "command and execute, and not to inquire and adjudicate." *Railroad Co. v. Fugate*, 206 Va. 159, 164, 142 S.E.2d 546, 550 (1965). Indeed, a trial court exceeds its function and usurps the authority granted to a public official when it undertakes in a mandamus proceeding to review the discretion of the official. *Broaddus v. Supervisors*, 99 Va. 370, 372, 38 S.E. 177, 178 (1901).

*Id.*, at 386-87.

Code of Virginia, 1950, as amended, § 15.2-2507(B) states:

Pursuant to the requirements of Sections 14.1-51, 14.1-63 through 14.1-67, 14.1-70, and 14.1-79, every county and city *shall appropriate as part of its annual budget or in amendments thereto amounts for salaries, expenses and other allowances for its constitutional officers that are not less than those established for such offices in the locality by the Compensation Board* pursuant to applicable law or, in the event of an appeal pursuant to Section 14.1-52, by the circuit court in accordance with the provisions of that section.

(Emphasis added).

Viewing the clear and unambiguous terms of this statutory provision in light of the foregoing authority, the Court concludes that the mandate of Code § 15.2-2507(B) is a ministerial function of the Board of Supervisors.

Defendants also maintain that the harm alleged in the Petition has already occurred, specifically the Highland County Board of Supervisors has already voted unanimously to fund only 50% of the Compensation Board reduction in reimbursement through June 30, 2003. Thereafter, the board stated it would continue a reduction in the Commonwealth's Attorney's budget and appropriation. Therefore, the Highland County Board of Supervisors has already voted and taken action on the precise issue at hand. (Respondents Demurrer.)

In *Board of Supervisors v. Combs*, 160 Va. 487, 169 S.E. 589 (1933), the Court concluded:

> "A mandamus is always granted to compel the performance of some duty which has not been done. . . . It is not granted to undo an act already done. The court will not allow the validity of the act done to be tried in this way. 'We grant it,' said Lord Campbell, 'when that has not been done which a statute orders to be done; but not for the purpose of undoing what has been done'." *Short on Mandamus*, page 269, *Harrison v. Barksdale*, 127 Va. 180, 102 S.E. 789. . . .
>
> It is not a preventive remedy; its purpose and object is to command performance, not desistance, and is a compulsory, as distinguished from a revisory writ; it lies to compel, not to revise or correct action. . . .

*Id*. at 498.

The writ in this case seeks prospective relief "that has not been done which a statute orders to be done." For the foregoing reasons, the Court concludes that defendant's Demurrer should be and is overruled.

Finally, the defendant maintains that the provisions of Va. Code § 15.2-2507(B) are in conflict with the provisions of Code of Virginia, 1950, as amended, Article 6.1 of Title 15.2. Section 15.2-1636.14(A) clearly provides that "the salaries, expenses, and other allowances of attorneys for the Commonwealth in counties and cities as fixed ·and determined by the Compensation Board shall be paid *by the Commonwealth* after July 1, 1980." (Emphasis added.)

Code of Virginia, 1950, as amended, § 15.2-1636.16 provides the Commonwealth's portion of the salaries, expenses, and other allowances of the treasurers, commissioners of the revenue, attorneys for the Commonwealth, and sheriffs shall be paid out of the appropriations made for those purposes in the general appropriation act.

In the Court's opinion, these provisions do not conflict with the provisions of Va. Code § 15.2-2507(B). The statutory scheme is clearly set forth in Code of Virginia, 1950, as amended, § 15.2-1636.13(A):

> The salaries fixed in accordance with this article shall be paid in equal monthly installments. The expenses and other allowances of office within the limits fixed by the Board shall be paid monthly on the submission of satisfactory.evidence that such

expenses and other allowances were actually incurred. *All counties and cities shall pay the entire amount of such salaries, expenses, and other allowances and upon notification to the Board, the Commonwealth shall reimburse all such counties and cities for the Commonwealth's proportionate share of such salaries,* compensation, benefits under [§] 51.1-137 and other expense allowances.

(Emphasis added).

Applying the plain meaning of the terms of the statute, it is clear that the county's obligation to pay the entire amount of salaries, etc, is not contingent upon the Commonwealth's reimbursing the county for their proportionate share. Or stated another way, reimbursement by the Commonwealth is not a prerequisite or condition precedent to the county's obligation to pay the entire amount of salaries, etc. It is important to note that the facts *do not* reflect an amendment of "the budget fixed by the Compensation Board" as permitted by Code of Virginia, 1950, as amended, § 15.2-1636.16, but instead a reduction in the amount of funding required by the Commonwealth.

In the Court's opinion, the petitioner is entitled to the relief sought in the Writ of Mandamus.