COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, White and Senior Judge Annunziata


MAJOR MIKE WEBB, A/K/A
 MICHAEL D. WEBB, D/B/A
 MAJOR MIKE WEBB FOR
 CONGRESS/FRIENDS FOR MIKE WEBB

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1501-24-4             JUDGE KIMBERLEY SLAYTON WHITE
                                                         JANUARY 13, 2026

PARISA DEHGHANI-TAFTI, IN HER
 INDIVIDUAL CAPACITY AND OFFICIAL
 CAPACITY AS COMMONWEALTH'S ATTORNEY


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Judith L. Wheat, Judge

(Major Mike Webb, on brief), *pro se*.

(Debra S. Stafford; Hudgins Law Firm, P.C., on brief), for appellees.


Major Mike Webb, a/k/a Michael D. Webb, petitioned the circuit court for leave to file a

complaint against Parisa Dehghani-Tafti, as required by a prefiling injunction the circuit court

had imposed against him in a prior lawsuit. The circuit court found that Webb's complaint failed

to state a claim and denied him leave to file his complaint. On appeal, Webb argues that his

petition sufficiently pleaded facts supporting a writ of mandamus and the circuit court erred by

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

summarily dismissing his complaint under an "unlawful" prefiling injunction.[1]  Finding no error, we affirm the circuit court's judgment.[2]

## BACKGROUND

In 2019, the circuit court found that Webb had a history of vexatious litigation.  To protect judicial resources and potential future defendants, the circuit court imposed a prefiling injunction on Webb, requiring him to secure counsel or seek leave of court before "filing any petition, motion, pleading, or other filing in [that] case, or any other pending or future matters."  In March 2024, Webb petitioned the circuit court for leave to file a petition for a writ of mandamus against Dehghani-Tafti, both in her individual capacity and as the Commonwealth's Attorney for Arlington County.[3]

Webb's proffered petition alleged that Dehghani-Tafti had failed to respond to his written affidavit under Code § 19.2-217.[4]  Webb, who disagreed with several of the Arlington County Public School Board's COVID-19-related policies, sought a writ of mandamus to compel Dehghani-Tafti to file an information and convene a grand jury to investigate the School Board's decisions.  Webb claimed that the School Board's actions constituted "at a minimum . . . conspiracy to commit a felony."  Webb also sought to assert claims of civil conspiracy and business conspiracy.

---

[1] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit."  *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

[2] Webb has also filed various motions on appeal asking for partial summary judgment and requesting this Court to take judicial notice of various issues.  We deny those motions.

[3] Webb served the complaint on Dehghani-Tafti before the circuit court's ruling on his request for leave to file the complaint; Dehghani-Tafti filed a demurrer and plea in bar.

[4] "An information may be filed by the attorney for the Commonwealth based upon a complaint in writing verified by the oath of a competent witness."  Code § 19.2-217.

After "review[ing] the pleadings," the circuit court found that Webb's complaint did not support a mandamus action because Dehghani-Tafti's response to his affidavit was not a purely ministerial act. The circuit court also held that Webb had failed to plead facts supporting the conspiracy claims. Accordingly, the circuit court denied Webb's petition for leave to file his pleading. Webb appeals.

## ANALYSIS

### I. Mandamus

We review the circuit court's enforcement of the sanction under an abuse of discretion standard. *Watwood v. Commonwealth*, 79 Va. App. 751, 758 (2024). But whether mandamus lies as an extraordinary remedy presents a question of law, which we review de novo. *Dorr v. Clarke*, 284 Va. 514, 520-21 (2012). "Mandamus is an extraordinary remedy employed to compel a public official to perform a purely ministerial duty imposed upon him by law." *City of Hampton v. Williamson*, 302 Va. 325, 331 (2023) (quoting *Richlands Med. Ass'n v. Commonwealth*, 230 Va. 384, 386 (1985)). But mandamus "does not lie to compel the performance of a discretionary duty." *Moreau v. Fuller*, 276 Va. 127, 135 (2008) (quoting *In re Commonwealth's Attorney*, 265 Va. 313, 317 (2003)). A ministerial act, our Supreme Court has explained, is "one which a person performs in a given state of facts and prescribed manner in obedience to the mandate of legal authority without regard to, or the exercise of, his own judgment upon the propriety of the act being done." *City of Hampton*, 302 Va. at 331. In contrast, a discretionary act involves the exercise of judgment. *Id.*

Webb contends that Dehghani-Tafti had a ministerial duty to file an information and convene a grand jury in response to his affidavit and that the circuit court erred in dismissing his petition as frivolous. He asserts that both Code § 19.2-217, under which Webb purportedly

submitted his affidavit, and Code § 15.2-1627(B), which defines the duties and responsibilities of an attorney for the Commonwealth, creates such a ministerial duty. We disagree.

"We give de novo review to the interpretation of statutes." *Tatusko v. Commonwealth*, 79 Va. App. 721, 730 (2024). "[W]hen the language of a statute is unambiguous, we are bound by the plain meaning of that language." *Heald v. Rappahannock Elec. Coop.*, 80 Va. App. 53, 68 (2024) (quoting *City of Hampton*, 302 Va. at 333). "Adhering closely to statutory texts, Virginia courts presume that the legislature chose, with care, the words it used when it enacted the relevant statute." *Cornell v. Benedict*, 301 Va. 342, 349 (2022) (quoting *Tvardek v. Powhatan Village Homeowners Ass'n, Inc.*, 291 Va. 269, 277 (2016)). "Thus, 'we may not construe [a] statute's plain language in a manner that amounts to holding that the General Assembly meant to add a requirement to [a] statute that it did not actually express.'" *Heald*, 80 Va. App. at 75 (alterations in original) (quoting *Vaughn, Inc. v. Beck*, 262 Va. 673, 679 (2001)).

"An information *may* be filed by the attorney for the Commonwealth based upon a complaint in writing verified by the oath of a competent witness." Code § 19.2-217 (emphasis added). May implies "may not." *See Wal-Mart Stores East, LP v. State Corp. Comm'n*, 299 Va. 57, 70 (2020). Code § 19.2-217 grants a Commonwealth's Attorney discretion to file an information based on a verified complaint. Indeed, Webb concedes that under Code § 19.2-217, a Commonwealth's Attorney may file an information "in his or her discretion." That concession is fatal to his claim that Dehghani-Tafti failed to perform a purely ministerial duty. Accordingly, mandamus does not lie.

Webb also asserts that the School Board's actions constituted felonies and that Code § 15.2-1627(B) imposes a ministerial duty on attorneys for the Commonwealth "of prosecuting . . . a felony" and of "the convening of a grand jury." *See* Code § 15.2-1627(B). Assuming without deciding that Code § 15.2-1627(B) imposes such a duty, no warrant, indictment, or

information had been filed against the School Board.  Thus, Webb's alternative ground also did not identify a ministerial duty that Dehghani-Tafti had failed to perform.

The circuit court reviewed Webb's pleading and determined he had failed to plead a sufficient claim.  As explained above, the circuit court correctly determined that mandamus did not lie under the facts alleged.  Accordingly, the circuit court did not abuse its discretion in enforcing the preliminary injunction against Webb.[5]

## II.  Due Process and Equal Protection

"Constitutional arguments present questions of law that appellate courts review de novo." *Chaphe v. Skeens*, 80 Va. App. 556, 567 (2024).  Webb argues that the circuit court's denial of leave to file his complaint under the prefiling injunction violated his due process and equal protection rights.  We disagree.  A narrowly tailored prefiling injunction is "consistent with constitutional guarantees of due process of law and access to the courts." *Adkins v. CP/IPERS Arlington Hotel LLC*, 293 Va. 446, 452 (2017) (quoting *Cromer v. Kraft Foods N. Am, Inc.*, 390 F.3d 812, 817 (4th Cir. 2004)).  The prefiling injunction that the circuit court enforced against Webb was narrowly tailored so that, rather than being precluded from filing any *pro se* pleading, Webb was subjected to "pre-filing scrutiny to ensure that the [litigation was] not frivolous or filed for the purpose of harassing the opposing party or the court." *Switzer v. Switzer*, 273 Va. 326, 333 (2007).  Because the prefiling injunction was narrowly tailored, the circuit court's enforcement of that order to deny Webb's petition in the instant case did not violate Webb's due process rights. *See Adkins*, 293 Va. at 452-54 (imposing a similar prefiling injunction as sufficiently narrowly tailored).

---

[5] Webb also contends that the 2019 prefiling injunction is void ab initio because the circuit court lacked subject matter jurisdiction to enter it.  But the circuit court had the authority to sanction Webb under Code § 8.01-271.1. *See Watwood*, 79 Va. App. at 757 (explaining that courts have "both inherent and statutory" authority to sanction parties).  Thus, to the extent Webb collaterally attacks the 2019 order as void, his argument is without merit.

Regarding his equal protection argument, Webb merely asserts that he is African American and a "federal 'whistleblower,'" and that the prefiling injunction enforced against him was "rooted in suspect grounds," but does not explain how he was discriminated against. Webb cites legal authority related to equal protection claims, but he provides no legal analysis explaining how the cited authority applies to his claims. "[U]nsupported assertions of error do not merit appellate consideration." *Winters v. Winters*, 73 Va. App. 581, 597 (2021). "[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Clark v. Commonwealth*, 78 Va. App. 726, 765 (2023) (alteration in original) (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017)). An appellant that "fails to develop an argument in support of his or her contention or merely constructs a skeletal argument" waives the issue. *Id.* (quoting *Bartley*, 67 Va. App. at 746). Because Webb failed to sufficiently develop this argument, it is waived.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*