## 𝔙𝔦𝔠𝔥𝔪𝔬𝔫𝔡

HENDERSON KIRK, ET AL. v. HONORABLE E. T. CARTER, JUDGE, ETC.,
ET AL.

November 28, 1960.

Record No. 5216.

Present, All the Justices.

*Glen M. Williams; R. C. Shannon; Hugh P. Cline,* on brief for the petitioners.

*Edgar Bacon; Fred B. Greear; Greear, Bowen, Mullins and Winston,* on brief for the respondents.

*Per Curiam.*

The petitioners filed in this court their petition for a writ of mandamus to require the three-judge court, appointed pursuant to § 24-431 of the Code, 1960 Cum. Supp., to hear and determine an election contest in Lee county, instituted by the petitioners under Chapter 16 of Title 24 of the 1950 Code, §§ 24-419 *ff.* The contest involved the offices of clerk, sheriff, Commonwealth's attorney, treasurer and commissioner of revenue of the county, filled at the election held in said county on November 3, 1959.

The answers of the judges to the petition for mandamus state that to the complaint of the contestants the contestees filed several pleadings, including a motion to dismiss the complaint as to four of the officers whose election was contested because there had been no proper service upon them as required by statute; that upon the question raised by the motion to dismiss there was an agreed statement of facts and by agreement of parties the court convened to dispose first of this motion to dismiss; that the court heard oral argument in addition to written briefs on the question of fact and law presented by the motion and stipulation of facts and that after due deliberation and consideration thereof the court unanimously decided that there had not been any proper service of the complaint upon four of the officers whose election was contested, and the court thereupon sustained the motion and dismissed the complaint as to them; and that the contest as to the office of commissioner of revenue was still pending. The respondents stated that the decision represented their composite judicial discretion as to the right and justice of the motion, and that the writ of mandamus should not issue to compel a change in their judicial opinion and thereby provide a review in a case in which the statute, § 24-439, prohibited an appeal.

Section 24-434 of the Code, 1960 Cum. Supp., provides that the complaint in an election contest shall be filed in the clerk's office of the court, and a copy thereof served as a notice is served under § 8-51, within ten days after the election, on the person whose election is contested, otherwise the complaint shall not be valid.

Section 8-51 of the Code provides that a notice may be served by delivering a copy thereof in writing to the party in person.

The stipulation of facts states that on the afternoon of November 12, 1959, five copies of the complaint were delivered by the attorneys for the contestants to a special officer of the county with instruction to serve them on the five defendants. The officer· went immediately to the courthouse of Lee county and delivered to four of the defendants a copy of the complaint. The clerk (one of the contestees) raised the question with the officer that there was no such action pending and no such complaint had ever been filed in his office. Later that afternoon the complaint was filed in the clerk's office of Lee county. It was thus filed within the time allowed by statute, § 24-434, and there is no requirement that it be so filed prior to the time at which a copy of it was served on the defendants on the same day in the manner prescribed by § 8-51.

The holding of this court in the case of *Richardson* v. *Farrar, Judge,* 88 Va. 760, 15 S. E. 117, is determinative of the right of the petitioners to a writ of mandamus in the circumstances here presented. That case was an election contest under § 160 of the Code of 1887, which was essentially the same as the present statutes. It provided, as does present § 24-436, that "In judging of" such election or return, the court shall proceed on the merits thereof and decide the same according to the constitution and laws." The complaint there was dismissed "upon the ground of misjoinder of defendants * * without a hearing and determination upon the merits, as the statute expressly and imperatively prescribes."

The court held that it was manifest error to admit the defense of misjoinder, which had resulted in denying on a technicality the hearing and decision on the merits which the statute directed; and that the lower court had declined jurisdiction on a preliminary question or point of form, and had erroneously and illegally dismissed the complaint, for which the petitioners were entitled to a writ of mandamus directing the lower court to reinstate the case and proceed to hear and determine it on its merits. This holding has not been subsequently disturbed and the case was referred to in *Penick* v. *Ratcliffe,* 149 Va. 618, 629, 140 S. E. 664, 668, as authority for the question there involved.

In *Cowan* v. *Fulton, Judge,* 64 Va. (23 Gratt.) 579, 584, it was said that the action of the court below "was a simple refusal to hear and decide the case; and this court having held that no appeal lies from such refusal, it is exactly the case to which the highly remedial writ of mandamus is most frequently applied, in order to prevent a defect or failure of justice."

The petition for the writ of mandamus is granted and the writ will issue as prayed.

*Mandamus awarded.*