## Richmond

RICHARD W. DAVIS, ATTORNEY, AND ELMER L. BARTON v. VINCENT
L. SEXTON, JR., JUDGE OF THE CIRCUIT COURT OF GILES
COUNTY, VIRGINIA.

November 30, 1970.

Record No. 7546.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Richard W. Davis; Kenneth I. Devore (Edwin C. Stone,* on brief),
for petitioners.

*Russell N. Carneal,* for the Judicial Conference of the Courts not
of Record and the Association of Judges of the County and Municipal
Courts of Virginia, *amicus curiae.*

*John W. Crews,* Assistant Attorney General; *Anthony F. Troy,*
Assistant Attorney General (*Andrew P. Miller,* Attorney General,
on brief), for respondent.

GORDON, J., delivered the opinion of the court.

Elmer L. Barton engaged Richard W. Davis, a licensed attorney at
law and also Municipal Judge for the City of Radford, to defend him
on a felony charge pending in the Circuit Court of Giles County.
After Barton had engaged Judge Davis, Judge Vincent L. Sexton, Jr.
entered an order prohibiting Judge Davis from practicing criminal
law in the Circuit Court so long as Davis holds a judicial position in

this State. The order also removed Judge Davis as counsel of record for Barton in the pending case.

The order recited: "It has been this Court's ruling and practice that County and Municipal Judges, as well as Commonwealth Attorneys, should not practice criminal law in this Court or any other courts of the Twenty Second Judicial Circuit of the Commonwealth by reason of the office they hold and the prestige that that office would give to the defense. This has been the ruling of this Court for many years and has been strictly adhered to." [1]

Petitioners Barton and Davis ask us to issue a writ of mandamus directing respondent Judge Sexton to permit Judge Davis to practice criminal law in the Circuit Court of Giles County and to permit Judge Davis to represent Barton in the pending case. Judge Davis concurs in principle in Judge Sexton's opinion that judges should not practice law. He says, however, that he and many other judges of courts not of record must practice law to supplement the inadequate salaries paid them as judges. And he contends that Virginia law permits him to practice law.

The Attorney General seeks to support the respondent's action as falling within his statutory rule-making power and his inherent judicial authority.

The Legislature has enacted two statutes to regulate the practice of law by judges of courts not of record. Code § 16.1-10 forbids any such judge from acting as counsel in any case that is pending in his court or began in his court.[2] Code § 16.1-11 forbids judges of courts not of record of certain cities and counties from practicing law.[3]

---

[1] By "County and Municipal Judges", the order referred to judges of courts not of record. Judge Sexton is judge of three courts of record, the Circuit Courts of the Counties of Giles, Bland and Tazewell, which comprise the Twenty-second Judicial Circuit.

[2] "§ 16.1-10. *Limitations on practice of judges who are attorneys.*—No judge of a court not of record shall appear as counsel in any case, civil or criminal, pending in his court or on appeal or removal therefrom; nor shall he appear as counsel in any civil case which involves substantially the same evidence and circumstances as were involved in a criminal case tried before him or in which a preliminary hearing was held before him; nor shall he accept or receive any claim or evidence of debt for collection when the enforcement thereof is within the exclusive original jurisdiction of his court." Va. Code Ann. § 16.1-10 (1960).

[3] The Report of the Virginia Court System Study Commission to the Governor and the General Assembly of Virginia (1970) recommended the enactment of a new statute providing that no court should permit any judge of a court not of record to act as defense counsel in any criminal case. Bills to that effect were introduced at the 1970 Session of the General Assembly but did not pass. S.B. 330 and H.B. 577 Va. General Assembly 1970.

Neither statute authorizes the respondent's action concerning Judge Davis. Code § 16.1-10 does not forbid a judge of the City of Radford, such as Judge Davis, from appearing as counsel in a criminal case in the Twenty-second Judicial Circuit, and Code § 16.1-11 does not apply to a judge of the City of Radford.

Code § 8-1.3 authorizes courts to prescribe rules "to promote proper order and decorum, the convenient and efficient use of courthouses and clerks' offices and the orderly management of court dockets", provided that no rule shall be made "which is inconsistent with or in addition to any statutory provision, or the Rules of the Supreme Court of Appeals . . .". Va. Code Ann. § 8-1.3 (Supp. 1970).[4] In this statute the General Assembly expressly limited its grant of rule-making power by excluding rules "inconsistent with or in addition to any statutory provision". The General Assembly has seen fit to adopt statutes regulating the practice of law by judges of courts not of record. Because the rule adopted by Judge Sexton adds to these regulations, the rule does not fall within his statutory rule-making power.[5]

The Supreme Court of Illinois has declared the practice of law by a judge "incompatible with his judicial responsibilities and duties and contrary to public policy." *Bassi* v. *Langloss*, 22 Ill.2d 190, 194, 174 N.E.2d 682, 684 (1961). Accordingly, that court, exercising its inherent power "to deal with an attorney whose activities present a conflict of interest which would impede the proper administration of justice", *id.*, held prospectively that no judge should be permitted to practice law in Illinois.

Judge Davis properly concedes that under its inherent power a court in a given case may, upon evidence that the appearance of an attorney would present a conflict of interest that would impede the proper administration of justice, forbid an attorney from appearing in the case. We are concerned, however, with a blanket prohibition based not upon evidence, but upon judicial notice that the practice of

[4] Although Code § 8-1.3 is part of Chapter 1 of Title 8 of the Code, entitled "General Provisions as to Civil Cases", neither the Act that added that section nor the title of the Act limits the provisions of the section to civil cases. Va. Acts of Assembly 1970, ch. 366 at 594. The Act also repealed Code § 16.1-25, which authorized courts not of record to make reasonable rules of practice "not in conflict with law". Va. Code Ann. § 16.1-25 (1960).

[5] In view of this holding, we need not decide whether Judge Sexton's rule promotes "proper order and decorum, the convenient and efficient use of courthouses and clerks' offices [or] the orderly management of court dockets" so as to fall within the scope of Code § 8-1.3.

law by any judge is incompatible with the proper administration of justice.

We are of opinion that the practice of law by judges of courts not of record, as permitted by Virginia law, is not on its face incompatible with the proper administration of justice. The action taken by the respondent was therefore not within his discretion. The respondent having denied Judge Davis the rights to practice criminal law and to represent Barton only because Davis is a judge, we will issue a writ of mandamus directing that Judge Davis be permitted to practice criminal law in the Circuit Court of Giles County and to represent Barton in the case pending in that court.

*Writ awarded.*