**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 19th day of January, 2006.

In Re: Robert F. Horan, Jr.,
 Commonwealth's Attorney,                              Petitioner

    Record Nos. 060023 and 060024


 Upon Petitions for a Writ of Mandamus and a Writ of Prohibition

Proceeding under the Court's original jurisdiction pursuant to Article VI, § 1 of the Constitution of Virginia and Code § 17.1-309, the petitioner, Robert F. Horan, Jr., Commonwealth's Attorney of Fairfax County, seeks the issuance of a writ of mandamus and/or a writ of prohibition directed to the Honorable Leslie M. Alden, Judge of the Circuit Court of Fairfax County.  Upon consideration of the petitions and the parties' briefs, a writ of mandamus is issued and the petition for a writ of prohibition is dismissed.

On January 3, 2006, in the capital murder case of Commonwealth v. Dinh Pham, Criminal No. K105537, pending in the Circuit Court of Fairfax County, Judge Alden granted Pham's motion to prohibit the death penalty.  In a letter opinion incorporated in that order, Judge Alden concluded that the

Vienna Convention on Consular Relations and Optional Protocol on Disputes, Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820 (the "Vienna Convention"), confers judicially enforceable individual rights and that the Commonwealth violated those rights with regard to Pham.  Judge Alden further concluded that the preclusion of the death penalty was an appropriate remedy for the violation of Pham's rights under the Vienna Convention and thus prohibited the Commonwealth from seeking the death penalty in that criminal proceeding.  The Commonwealth's Attorney then filed the petitions for a writ of mandamus and a writ of prohibition.

"Mandamus is an extraordinary remedy employed to compel a public official to perform a purely ministerial duty imposed upon him by law."  Richlands Med. Ass'n v. Commonwealth, 230 Va. 384, 386, 337 S.E.2d 737, 739 (1985); accord In re Commonwealth's Attorney for the City of Roanoke, 265 Va. 313, 317, 576 S.E.2d 458, 461 (2003).  "A ministerial act is 'one which a person performs in a given state of facts and prescribed manner in obedience to the mandate of legal authority without regard to, or the exercise of, his own judgment upon the propriety of the act being done.'"  Richlands Med. Ass'n, 230 Va. at 386, 337 S.E.2d at 739 (quoting Dovel v. Bertram, 184 Va. 19, 22, 34 S.E.2d 369, 370 (1945)).  "However, when the act to be performed involves the exercise of judgment or discretion on

the part of the court or judge, it becomes a judicial act and mandamus will not lie."  In re Commonwealth's Attorney for the City of Roanoke, 265 Va. at 318, 567 S.E.2d at 461.

As this Court previously explained:

> [Mandamus] may be appropriately used and is often used to compel courts to act where they refuse to act and ought to act, but not to direct and control the judicial discretion to be exercised in the performance of the act to be done; to compel courts to hear and decide where they have jurisdiction, but not to pre-determine the decision to be made; to require them to proceed to judgment, but not to fix and prescribe the judgment to be rendered.

Page v. Clopton, 71 Va. (30 Gratt.) 415, 418 (1878).

The provisions of Code § 18.2-31 specify the offenses that constitute capital murder in Virginia, each one being punishable as a Class 1 felony.  The authorized punishment for a Class 1 felony is "death, if the person so convicted was 16 years of age or older at the time of the offense and is not determined to be mentally retarded . . . , or imprisonment for life and . . . a fine of not more than $100,000."  Code § 18.2-10(a); see also Code § 18.2-10(g) (except in cases for which the sentence of death is imposed, a court may impose life imprisonment without a fine).  In other words, there are three sentencing options if a defendant is found guilty of capital murder: (1) death; (2) life imprisonment and a fine of not more than $100,000; or (3) life imprisonment.

In the context of ruling on a pre-trial motion, Judge Alden precluded the Commonwealth's Attorney from seeking the death penalty in the event Pham is found guilty of capital murder. Under Judge Alden's order, only life imprisonment, or life imprisonment and a fine of not more than $100,000, would be at issue in a penalty phase hearing. Judge Alden's pre-trial order not only eliminated one of the statutorily prescribed sentences that could be imposed if Pham is found guilty of capital murder, but her ruling is also tantamount to a refusal by Judge Alden to conduct a penalty phase hearing at which the "future dangerousness" and "vileness" aggravating factors set forth in Code §§ 19.2-264.2 and -264.4(C) would be at issue. The provisions of Code § 19.2-264.3(C), however, state that "[i]f the jury finds the defendant guilty of an offense which may be punishable by death, then a separate proceeding before the same jury <u>shall</u> be held as soon as practicable on the issue of the penalty, which <u>shall</u> be fixed as is provided in § 19.2-264.4." (Emphasis added.) When the action of a court is "a simple refusal to hear and decide the case; and this [C]ourt having held that no appeal lies from such refusal, it is exactly the case to which the highly remedial writ of mandamus is most frequently applied, in order to prevent a defect or failure of justice." <u>Cowan v. Fulton</u>, 64 Va. (23 Gratt.) 579, 584 (1873).

In Kirk v. Carter, 202 Va. 335, 335, 117 S.E.2d 135, 136 (1960), a petition for a writ of mandamus was filed "to require the three-judge court . . . to hear and determine an election contest . . . instituted by the petitioners."  The three-judge court decided that the complaint filed in the election contest proceeding had not been properly served on four of the officers whose elections were being challenged.  Id. at 336, 117 S.E.2d at 136.  Consequently, the three-judge court sustained a motion to dismiss the complaint.  Id.  In the mandamus proceeding before this Court, the respondents argued

> that the decision represented their composite judicial
> discretion as to the right and justice of the motion, and
> that the writ of mandamus should not issue to compel a
> change in their judicial opinion and thereby provide a
> review in a case in which the statute, [former Code] § 24-
> 439, prohibited an appeal.

Id.

In granting the writ of mandamus, this Court disagreed with the conclusion of the three-judge court regarding service of process.  The Court concluded that there was no statutory requirement that the election contest complaint be filed prior to the service of the complaint on the officers whose elections were being contested.  Id. at 336, 117 S.E.2d at 137.  Because former Code § 24-436 required that, "[i]n judging of such election or return, the court shall proceed on the merits thereof and decide the same according to the [C]onstitution and

laws," this Court held that it was manifest error to deny a decision on the merits.  Id. at 337, 117 S.E.2d at 137.  Relying on the rationale in Richardson v. Farrar, 88 Va. (13 Hans.) 760, 15 S.E. 117 (1892), the Court stated:

> [T]he lower court [in Richardson] had declined jurisdiction on a preliminary question or point of form, and had erroneously and illegally dismissed the complaint, for which the petitioners were entitled to a writ of mandamus directing the lower court to reinstate the case and proceed to hear and determine it on its merits.

Kirk, 202 Va. at 337, 117 S.E.2d at 137.

Similarly, in Davis v. Sexton, 211 Va. 410, 177 S.E.2d 524 (1970), the Court held that a judge's ruling in direct contravention of a specific statutory provision was not within his discretion.  At the time of the decision in Davis, a municipal judge (of a court not of record) was allowed to act as counsel of record in cases not pending in the court where the judge presided or in certain statutorily prescribed localities. Id. at 411, 177 S.E.2d at 525.  Richard W. Davis, a municipal judge in the City of Radford, entered an appearance in a criminal case pending in the Circuit Court of Giles County.  Id. at 410, 177 S.E.2d at 525.  The circuit court judge hearing the case entered an order removing Davis as counsel of record, stating that it was the circuit court's practice that county and municipal judges would not be allowed to practice criminal law

in the circuit courts of that judicial circuit.  Id. at 411, 177
S.E.2d at 525.

Davis sought a writ of mandamus to compel the circuit court
judge to allow him to practice criminal law in the Circuit Court
of Giles County, as allowed under the relevant statutes in
effect at that time.  Id.  In response, the circuit court judge
argued that his action fell "within his statutory rule-making
power and his inherent judicial authority."  Id.  Since the
statutes specifically allowed judges of courts not of record to
practice law in certain circumstances, this Court held that it
was beyond the scope of the circuit court judge's authority to
rule otherwise; "[t]he action taken by the [circuit court judge]
was therefore not within his discretion."  Id. at 413, 117
S.E.2d at 526.  Thus, the Court issued a writ of mandamus
directing that Davis be permitted to practice criminal law in
the Circuit Court of Giles County.  Id.

Similarly, in three cases from the late 1800's, the Court
found that mandamus was proper because the respective judges
were without authority to decide that they could not hear a
particular case, which they had jurisdiction to decide.  See
Page, 71 Va. (30 Gratt.) at 428 ("If a judge . . . refuses to
sign a proper bill, or to proceed to settle the matter of a bill
objected to, he may, in either case, be compelled by mandamus to
act"); Kent, Paine & Co. v. Dickinson, 66 Va. (25 Gratt.) 817,

823 (1875) ("It is well settled that applications for a mandamus to a subordinate court are warranted by the principles and usages of law in cases where the subordinate court having jurisdiction of a case refuses to hear and decide the controversy"); Cowan, 64 Va. (23 Gratt.) at 585 (mandamus proper when a court refused to hear a case it had jurisdiction to decide). Compare In re Commonwealth's Attorney for Chesterfield County, 229 Va. 159, 163, 326 S.E.2d 695, 697 (1985) ("by prescribing a mandatory sentence, the General Assembly . . . divested trial judges of all discretion respecting punishment" and thus mandamus was appropriate to compel a trial judge to implement a mandatory sentence), with In re Commonwealth's Attorney for the City of Roanoke, 265 Va. at 319, 576 S.E.2d at 462 (mandamus did not lie to compel a trial judge to enter judgments of guilt in two criminal cases because "[r]equiring a court or judge to enter a certain judgment unquestionably infringes upon the exercise of judicial discretion").

Pursuant to Code § 19.2-264.4(A), "[u]pon a finding that the defendant is guilty of an offense which may be punishable by death, a proceeding shall be held which shall be limited to a determination as to whether the defendant shall be sentenced to death or life imprisonment." Before the penalty of death can be imposed, the Commonwealth must

prove beyond a reasonable doubt that there is a
probability based upon evidence of the prior history
of the defendant or of the circumstances surrounding
the commission of the offense of which he is accused
that he would commit criminal acts of violence that
would constitute a continuing serious threat to
society, or that his conduct in committing the offense
was outrageously or wantonly vile, horrible or
inhuman, in that it involved torture, depravity of
mind or aggravated battery to the victim.

Code § 19.2-264.4(C).

The role of a circuit court judge with regard to sentencing
when a jury has fixed punishment at death is set forth in Code
§ 19.2-264.5:

When the punishment of any person has been fixed at
death, the court shall, before imposing sentence, direct a
probation officer of the court to thoroughly investigate
the history of the defendant and any and all other relevant
facts, to the end that the court may be fully advised as to
whether the sentence of death is appropriate and
just. . . . After consideration of the report, and upon
good cause shown, the court may set aside the sentence of
death and impose a sentence of imprisonment for life.
Notwithstanding any other provision of law, if the court
sets aside the sentence of death and imposes a sentence of
imprisonment for life, it shall include in the sentencing
order an explanation for the reduction in sentence.

Under this statutory scheme, Judge Alden did not have the
authority to make a sentencing decision when ruling on a pre-
trial motion, thereby implicitly refusing to conduct a penalty
phase hearing with regard to the "future dangerousness" and
"vileness" aggravating factors. If a jury fixes Pham's
punishment at death, Judge Alden will have the authority, under

Code § 19.2-264.5, to exercise judicial discretion to decide whether to impose the death penalty. Judge Alden would likewise have the authority, and thus the discretion, to decide in the first instance whether to impose the death penalty or life imprisonment if the case were tried without a jury. See Code § 19.2-257. No statute, however, authorizes Judge Alden to exercise such sentencing discretion in a pre-trial context. In other words, the action taken by Judge Alden was not within her discretion. See Davis, 211 Va. at 413, 177 S.E.2d at 526. The mere fact that Judge Alden made her decision when ruling on a motion does not render the decision discretionary.

Furthermore, by directing the Commonwealth's Attorney that he may not seek the death penalty if Pham is found guilty of capital murder, Judge Alden performed an executive function and exercised discretion that resides solely in the Commonwealth's Attorney. See Va. Const. art. 3, § 1 ("The legislative, executive, and judicial departments shall be separate and distinct, so that none exercise the powers properly belonging to the others, nor any person exercise the power of more than one of them at the same time."); Code § 15.2-1627(B) ("The attorney for the Commonwealth . . . shall be a part of the department of law enforcement of the county or city in which he is elected or appointed, and shall have the duties and powers imposed upon him by general law, including the duty of prosecuting all warrants,

indictments or informations charging a felony."); see also Genesee Prosecutor v. Genesee Circuit Court, 194 N.W.2d 693, 698 (Mich. 1972) ("[t]he conduct of a prosecution on behalf of the people by the prosecutor is an executive act"); Polikov v. Neth, 699 N.W.2d 802, 808 (Neb. 2005) ("prosecutorial discretion is an inherent executive power"). "'[I]t is well established that the choice of offenses for which a criminal defendant will be charged is within the discretion of the Commonwealth's Attorney.'" Barrett v. Commonwealth, 268 Va. 170, 178, 597 S.E.2d 104, 107-08 (2004) (quoting Kauffmann v. Commonwealth, 8 Va. App. 400, 410, 382 S.E.2d 279, 284 (1989)). In addition, "the institution of criminal charges, as well as their order and timing, are matters of prosecutorial discretion." Bradshaw v. Commonwealth, 228 Va. 484, 492, 323 S.E.2d 567, 572 (1984). "A prosecutor has the discretion to decide under which of several applicable statutes the charges shall be instituted." Hensley v. City of Norfolk, 216 Va. 369, 373, 218 S.E.2d 735, 739 (1975). The discretion of the Commonwealth's Attorney to choose the offense for which a defendant will be charged includes the discretion to decide whether to seek the death penalty when capital murder is the charged offense. See Code § 19.2-163.7 ("If prior to indictment the attorney for the Commonwealth declares in writing that the Commonwealth will not seek the

death penalty, the capital defense unit attorney may upon motion before the circuit court seek to withdraw as counsel.").

In State v. Bloom, 497 So.2d 2 (Fla. 1986), the Florida Supreme Court granted a writ of prohibition when a trial court interfered with the discretion of a prosecutor by granting a defendant's pre-trial motion to preclude empanelment of death-qualified jurors and directed the prosecutor to proceed with the trial as a non-capital case. The court recognized that, under Florida's constitution, "the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute." Id. at 3. The court held that the trial judge had "no authority to interfere with the prosecutor's discretion in proceeding with [the] cause as a death penalty case." Id. Continuing, the court noted that allowing a trial judge to make that type of pre-trial decision regarding the death penalty and its application would "effectively create a statutorily unauthorized trifurcated death sentence procedure." Id.; see also State v. Dostert, 313 S.E.2d 409, 417 (W.Va. 1984) (because "judicial interference with the exercise of prosecutorial judgment as to what charge to bring in a criminal prosecution is impermissible," a writ of prohibition was issued).

"Finally, the extraordinary remedy of mandamus may not be used as a substitute for an appeal." Richlands Med. Ass'n, 230

Va. at 387, 337 S.E.2d at 740.  "[W]hen there is a clear right to the relief sought, a legal duty to perform the requested act, and no adequate remedy at law," a writ of mandamus, however, may be issued.  Ancient Art Tattoo Studio, Ltd. v. City of Virginia Beach, 263 Va. 593, 597, 561 S.E.2d 690, 692 (2002) (emphasis added).  The provisions of Code § 19.2-398 set forth the circumstances in which the Commonwealth may appeal from a circuit court's pre-trial rulings in a felony case.  For example, the Commonwealth can appeal pre-trial decisions to suppress evidence.  See Code § 19.2-398(A)(2).  In this instance, the Commonwealth's Attorney cannot, however, appeal Judge Alden's decision refusing to conduct a penalty phase hearing upon proper evidence in accordance with Code §§ 19.2-264.3(C) and -264.4.  Thus, the Commonwealth's Attorney clearly has no adequate remedy at law.

For these reasons, the remedy of mandamus is required "in order to prevent a defect or failure of justice."  Cowan, 64 Va. (23 Gratt.) at 584.  The petition for a writ of mandamus is granted and the writ is issued directing Judge Alden to allow the petitioner to seek the death penalty, in accordance with Code §§ 19.2-264.3(C) and -264.4, in the criminal case of Commonwealth v. Pham.

This ruling renders moot the petition for a writ of prohibition, which is therefore dismissed.

The Clerk of this Court shall certify copies of this order to the petitioner, to the respondent, to counsel for Dinh Pham, and to counsel for the respondent, which certification shall have the same force and effect as if a writ of mandamus were formally issued and served.

This order shall be published in the Virginia Reports.


A Copy,

Teste:


Patricia L. Harrington, Clerk